BRIDGEFORD, et al vs. STEAM BOAT ELK.

The affidavit required to be made to the complaint of the plaintiff, in a suit instituted under the act concerning "boats and vessels," (R. C. 1835, p. 103,) if not made by the plaintiff himself, should show what means the affiant had of knowing the truth of the particulars specified in the complaint.

Error to St. Louis circuit court.

*Hamilton for Plaintiff.*

1. By the sixth section of the supplement, it is provided, that in all suits of this kind, the court shall be governed by its ordinary rules of practice.

2. The judgment by default was regularly taken under the statute (R. C. 460, sec. 31,) the defendant having failed to plead; the memorandum, or entry, upon the law docket, being a nullity, and the merest evasion of the rule of court; it was a violation of the implied faith that a plea, such as would go to the merits, should be filed, the defendant having procured an extension of time for pleading.

3. No "good cause," within the meaning of the act, (R. C. 460, sec. 31,) was shown to the court for setting aside the default, or dismissing the suit; the affidavit being sufficient. 6 Bin. R. 249. 2 Russell on Crimes 518. R. C. 191, sec. 1. 11 Wendell 185.

*Bowlin for Appellee.*

MAY TERM 1840.

Bridgeford et al.
vs.
Steam boat Elk.

1. That the affidavit verifies nothing *positive* or certain. It is not made by either of the parties, their agent, familiar with their business, or clerk; but, is made by an indifferent individual, and the affidavit seems to be framed to suit the circumstances of the case, without regard to the requisitions of the law.

2. That the affidavit sets forth nothing *explicit,* but deals in mere generalities, and, in the plain meaning of the language employed, it amounts to nothing more than a declaration on oath, that he knows and believes nothing to the *contrary* of its truth.

3. The affidavit sets forth no subsisting demand, to which there is a *positive* and *direct* swearing, as, by analagy to the attachment law, it should have done.

*Opinion of the court delivered by Napton Judge.*

The complaint of Bridgeford, Rickets & Co. against the steam boat Elk, was instituted according to the provisions of the act to provide for the collection of demands against boats and vessels.

The defendant, in the court below, before the time for pleading expired, filed a motion to quash, because of the insufficiency of the affidavit. Before the motion came on to be heard, plaintiff took judgment by default. The motion to quash was afterwards heard by the court, and the court set aside the judgment by default, and quashed.

The view which I entertain of the value of the affidavit, renders any opinion in relation to the regularity of the proceedings unnecessary. The affidavit annexed to the complaint, was in the following words: "James M. Buckley, being duly sworn, by me the subscriber, on his oath declareth and saith, that the above complaint is true, to the best of his knowledge and belief."

That the affiant could, on this affidavit, be convicted of perjury, if the facts stated in the complaint were untrue, I entertain no doubt. Commonwealth vs. Cornish, 6 Binn. R. 249. He could not protect himself under the pretence that he had no knowledge, and consequently no right to believe any thing about it. If a man undertakes to swear to

MAY TERM
1840.

Bridgeford et
al.
vs.
Steam boat
Elk.

The affida-
vit required
to be made to
the complaint
of the plain-
tiff, in a suit
instituted un-
der the act
concerning
"boats and
vessels," (R.
C. 1835, p.
103,) if not
made by the
plaintiff him-
self should
show what
means the af-
fiant had of
knowing the
truth of the
particulars
specified in
the complaint

a matter of which he has no knowlepge, he is perjured, al-
though what he has sworn, turns out to be true..3 Inst. 166.

But, I apprehend that true policy requires that something
more than a liability to prosecution should be the test of the
sufficiency of these affidavits.   Mr. Chitty observes in rela-
tion to affidavits to hold to bail, to which the affidavit in
this case may be regarded somewhat analagous, that, "the
strictness required in these affidavits is not only to guard
defendants against the consequences of perjury, but, also,
those who make the affidavit against any misconception of
the law."  Chitty on bills, 348.

It is obvious, in this case, that the party who made the af-
fidavit, not being party complaining, does not show what
means he had of knowing the truth of any of the particulars
specified in the complaint, whether he was clerk, book keep-
er, or agent, and coupled with the qualifying words at the
end of his affidavit, may have been made under a great mis-
conception of the construction which the law would put
upon it.   It is well, therefore, to guard against the possibil-
ity of misconception on this subject, and the defendant has
rights which should not be jeopardized by such general, and
apparently qualified, oaths.

The court did not err, then in quashing this complaint.—
Judgment affirmed.