HAMILTON, Appellant, *vs.* THE STEAMBOAT IRONTON, Respondent.

1. The affidavit to a complaint against a boat, under the act (R. C. 1845,) if made by the plaintiff's agent, must show the agent's means of knowledge. *Bridgeford* v. *Steamboat Elk*, 6 Mo. Rep. 356, affirmed.
2. A party does not waive his objection to a defective complaint by obtaining a continuance.

*Appeal from St. Louis Law Commissioner's Court.*

*W. R. Biddlecome*, for appellant. The respondent was too late with his objection to the complaint, after a trial in the justice's court without objection, and after continuances in the law commissioner's court. See 5 Cow. 15. 7 Cow. 366. 1 M. & S. 230. 2 Hill, 637. 3 Mo. Rep. 348. 5 Mo. Rep. 533. R. C. 1845, §13, §18, p. 670. The complaint was sufficient within the decision in 6 Mo. Rep. 356. The affiant states his means of knowledge, by stating that he is the agent of the owner.

*H. N. Dedman*, for respondent. 1. If Hamilton is the plaintiff in the suit, McLean makes the affidavit, without stating his means of knowledge. 6 Mo. Rep. 356. 2. McLean swears that he has a demand against the boat, not that Hamilton has. 3. McLean swears that he has no other demand against the boat which is a lien, not that Hamilton has none. R. C. 1845, §23, act concerning boats and vessels.

RYLAND, Judge, delivered the opinion of the court.

The complaint filed in this case presents the only question to be noticed by this court. The complaint is as follows :

" Samuel McLean, agent for Wm. Hamilton, sole owner of the steamboat Kentucky, complains that he has a demand against the steamboat Ironton, a boat used in navigating the waters of this state, amounting to $22 10, which demand accrued against the said steamboat on account of damages and injuries done the steamboat Kentucky, within the six months next preceding the commencement of this suit, and is, in all its particulars, as follows :

" Steamboat Ironton,

"Dr. to William Hamilton.

" To damages sustained by the said owner, by breaking the starboard guard of the steamboat Kentucky, by said steamboat Ironton, on the —— June, 1853,

| | | | | |
|---|---|---|---|---|
| 4½ days work, at $3 per day, | - | - | - | $13 50 |
| Flat boat hire, 5 days, at $1 per day, | - | - | | 5 00 |
| Lumber for the same | - | - | - | - | 2 40 |
| Spikes, 12 penny, | - | - | - | - | 1 20 |

$22 10"

Total loss sustained by negligence of steamboat Ironton, $22 10. Plaintiff asks judgment, and the said Samuel McLean, agent, further states that he has now no other demand against said steamboat Ironton, which is a lien thereon. Samuel McLean being sworn, on his oath says, that the facts set forth in the above complaint are true. Samuel McLean."

1. This complaint and affidavit are not sufficient, and the court properly quashed the same. In the case of *Bridgeford et al.*, v. *The Steamboat Elk*, it was held by this court that the affidavit required to be made to the complaint of the plaintiff, in a suit instituted under the boat and vessel law of 1835, (which act is similar to that of 1845, in this respect,) when not made by the plaintiff himself, should show what means the affiant had of knowing the truth of the particulars specified in the complaint. See 6 Mo. Rep. 356.

The affidavit here mentions no means of information by the affiant. Indeed, the complaint is so badly drawn, that it is

hard to say who has the demand. It begins by stating that Samuel McLean has the demand; to be sure it describes him as agent of William Hamilton, but it does not say that Hamilton has the demand. Yet the account is against the Ironton, as Dr. to Wm. Hamilton, and said complaint ends by stating that said McLean, agent, states that he has now no other demand against said steamboat Ironton, which is a lien thereon.

When parties seek summary remedies, afforded by our statutes, in particular modes, let them be cautious and pursue the modes pointed out. It is too late, when they have travelled through all the courts, from the lowest to the highest, to ask us to construe their bungling proceedings in such a manner as will give them what they wish, in spite of their own words and acts. *Steamer Blue Ridge* v. *Steamer Time*, 9 Mo. Rep. 650.

2. This defect is not waived by the party getting a continuance of his case below. It is a material, substantive defect; one which would have proved fatal in arrest of judgment. We therefore think the court properly sustained the motion to dismiss the suit, and its judgment is affirmed, Judge Scott concurring; Judge Gamble not sitting.