GILKESON v. KNIGHT *et al.*, *Plaintiffs in Error.*

1. **Irregularity of Procedure not Collaterally Questionable**: DEED. The fact that a petition was not verified in strict conformity to the practice act (R. S. 1855, p. 1234, § 20) would not avail in a collateral proceeding to defeat a sheriff's deed, given in pursuance of an execution sale under the judgment.

2. **Affidavit for Attachment, held Regular.** An affidavit for attachment not made by the plaintiff in person did not, on its face, state that it was made for him. It was, however, made by the same person who signed the petition as plaintiff's attorney. *Held*, sufficient.

3. ———. An affidavit for attachment made by an agent need not disclose his means of knowledge. (Distinguishing *Eldridge v. Steamboat*, 27 Mo. 595.)

4. **Estoppel**: EXECUTION. If one who has bought land at execution sale afterward causes the same land to be sold under another execution as the property of the defendant in the first, and himself becomes the purchaser at the sale, he is not thereby estopped from asserting title under the first sale.

*Appeal from Johnson Circuit Court.*—HON. F. P. WRIGHT, Judge.

AFFIRMED.

The affidavit to the petition was as follows : "Plaintiff makes oath and says the above petition and the matters therein as stated, he believes to be true.

A. R. CONKLIN."

*Samuel P. Sparks* for plaintiff in error.

1. The sheriff's deed conveyed no title, because the attachment proceedings were null and void; and this, (*a*) because the petition showed upon its face that it was not verified by plaintiff, nor by his agent or attorney, as required by the practice act then in force. R. S. 1855, p. 1234, § 20; p. 240, § 5; Story on Agency, (7 Ed.) § 147; *Stackpole v. Arnold*, 11 Mass. 27; *Bedford Ins. Co. v. Covell*, 8 Met. 442; *Wood v. Goodridge*, 6 Cush. 120; *Pentz v. Stan-*

*ton,* 10 Wend. 277; *Ex Parte, The Bank of Monroe,* 7 Hill (N. Y.) 177; (*b*) because the affidavit for attachment was not made by the plaintiff or any one for him. R. S. 1855, p. 240, § 6; Drake on Attach., §§ 89, 93, 94, (5 Ed. 1878;) *Willis v. Lyman,* 22 Texas 268; *Manley v. Headley,* 10 Kas. 88; *Hardin v. Lee,* 51 Mo. 241; *Freeman v. Thompson,* 53 Mo. 183, 194; *Bray v. McClury,* 55 Mo. 128; *Staples v. Fairchild,* 3 N. Y. 41.

2. The affiant, Conklin, does not disclose his means of knowing the facts he swears to in the affidavit for attachment. *Eldridge v. Steamboat,* 27 Mo. 595; *Ex Parte Bank of Monroe,* 7 Hill 177.

3. Plaintiff is estopped to claim under the deed of April 23rd, 1867. *Langsdorf v. Field,* 36 Mo. 440; *s. c.,* 43 Mo. 32.

*John J. Cockrell* for respondent.

NORTON, J.—This is a suit in ejectment to recover the possession of certain lands in Johnson county. The answer is a general denial. On the trial plaintiff obtained judgment, and defendant brings the case before us by a writ of error. Both parties claim through J. W. Brockman, as the common source of title.

Plaintiff, in support of his claim, offers in evidence a deed from the sheriff of Johnson county, executed on the 23rd day of April, 1867, conveying the title of said Brockman to plaintiff in the land in controversy. The deed recites that the sale was made in virtue of certain special executions which were issued on certain judgments rendered by the circuit court of Johnson county on the 21st day of April, 1866, in an attachment suit commenced in said court by A. H. Gilkeson, the present plaintiff, and Shanklin Gilkeson, against said Brockman, on the 30th day of January, 1866, and that the writ of attachment which issued in said cause was levied on the 31st day of January, 1866. This deed was admitted in evidence against

the objection of defendant, and the action of the court in that respect is assigned for error. It is insisted by counsel that the proceedings in the said attachment suit, which culminated in a special judgment against the property levied upon by the writ of attachment and a sale thereof by the sheriff to plaintiff, were void, first, because the petition was not verified by the affidavit of plaintiff, and second, because the affidavit for the attachment was not made either by plaintiff or some person for him.

As to the first ground it may be observed that the petition was signed by A. R. Conklin, "attorney for plaintiff,"

1. IRREGULARITY OF PROCEDURE NOT COLLATERALLY QUESTIONABLE: deed.

and the affidavit attached thereto was signed and sworn to by A. R. Conklin. Conceding that it may be true, as counsel contend, that the verification of the petition was not in strict conformity with the statute, it amounts to nothing more than an irregularity, and is not subject to collateral attack, any more than a judgment rendered on a petition would be, which stated a cause of action but stated it defectively, and that this cannot be done has been repeatedly held.

The affidavit for the attachment accompanying the petition states every fact necessary to authorize the issu-

2. AFFIDAVIT FOR ATTACHMENT HELD REGULAR.

ance of a writ of attachment. It states that plaintiff has a just demand against defendant, now due, and the amount which plaintiff ought to recover after the allowance of all just credits and set-offs, and that affiant has good reason to believe and does believe that defendant is a non-resident of the State. But it is contended that the affidavit being subscribed and sworn to by A. R. Conklin, does not show on its face that it was made either by plaintiff or by Conklin for plaintiff. It is true that the affidavit does not show on its face that it was made by plaintiff, but it does show that it was made by A. R. Conklin, and that it was made by him for plaintiff, we think is sufficiently shown from the whole record, the petition showing on its face that A. R. Conklin was the attorney of plaintiff, and it would be a contradiction of the

record to hold that in making the affidavit, he was making it for himself and not for plaintiff, as the petition shows that he was acting in the capacity of plaintiff's attorney. When it is sought to be shown by the record of a cause that the court in which it was tried had no jurisdiction, the whole record must be looked to and considered in determining the question. *Brown v. Woody*, 64 Mo. 547.

The rule as laid down in the case of *Eldridge v. Steamboat William Campbell*, 27 Mo. 595, that in pursuing the statutory remedy against boats, when the affidavit is made by an agent it should disclose his means of knowledge of the facts sworn to, has never been held to apply to any other than proceedings of that character, and was adopted as declared by the court, because such rule governed in admiralty proceedings, and the statutory proceeding against boats and vessels was analogous to a proceeding *in rem* against vessels under the maritime law.

3. ——.

It is also insisted that plaintiff is estopped from asserting title to the property in dispute under the deed of the sheriff, dated April 23rd, 1867, because subsequently thereto he bought the same land of Brockman, at sheriff's sale made by virtue of an execution which was issued on a judgment in plaintiff's favor against Brockman, obtained subsequently to the one under which the sale, as recited in the sheriff's deed of April 23rd, 1867, was made. If defendant had purchased at this second sale or claimed through any one who had purchased, then the doctrine of estoppel would apply, and plaintiff would not be heard to say that the land was not Brockman's, but was the property of plaintiff by virtue of the first sale. No such case is made by the record, and hence the doctrine of estoppel cannot be invoked. Judgment affirmed, in which all concur.

4. ESTOPPEL: execution.