ÎRWIN *et al.* v. EVANS, *Appellant.*

1. **Attachment**: PLEA IN ABATEMENT : VERIFICATION BY ATTORNEY. A plea in abatement in an attachment suit, verified by one as attorney for the defendant, need not disclose the means of the attorney's knowledge of the facts stated in the plea.

2. ———— : ———— : ————. It will be sufficient, if the record shows that the affiant was defendant's attorney, although it is not so stated in the plea.

*Appeal from Scotland Circuit Court.*—HON. B. E. TURNER, Judge.

REVERSED AND REMANDED.

*Higbee & Raley.* for appellant.

(1) The circuit court erred in sustaining plaintiff's motion to strike out defendant's amended plea, in the nature of a plea in abatement, and in entering judgment sustaining the attachment. *Norvell v. Porter*, 62 Mo. 309, 312; *Gilkeson v. Knight*, 71 Mo. 403, 406; R. S., sec. 439. (2) The court erred in overruling defendant's motion to set aside the order striking out the plea of abatement, and to grant defendant a new trial thereon. See authorities cited *supra*. (3) The court erred in overruling defendant's motion for a new trial, and to set aside the judgment, striking out defendant's amended plea in abatement, and to grant defendant a new trial thereon. Authorities cited *supra*.

*Anderson, Davis & Hagerman* for respondents.

(1) There is nothing in the record showing that any property was levied upon. (2) The evidence upon which the lower court acted is not in the record, and there can be no review. *Blizzard v. Phebus*, 35 Ind.

284; Freeman on Judg. [3 Ed.] sec. 79; *Nicking v. Nesmuth*, 15 Ia. 594; *Sowden v. Craig*, 21 Ia. 580. (3) The affidavit, as made, was insufficient. The fact must appear, where the affiant is not the party, that he at least has a knowledge of the facts to which he swears. *Ex parte Bank*, 7 Hill, 177; *McCabe v. Sumner*, 40 Wis. 386; *Widner v. Hunt*, 4 Ia. 355; *Eldridge v. Steamboat*, 27 Mo. 595; *Hamilton v. Steamboat*, 19 Mo. 523; *Bridgford v. Steamboat*, 6 Mo. 356; Bliss on Code Plead., sec. 173. (4) Affiant did not swear that he was attorney of defendant, and the affidavit was, for that reason, insufficient. *Cunningham v. Goelet*, 4 Den. 71; *Staples v. Fairchild*, 3 N. Y. 41. (5) Every presumption is to be indulged in favor of the action of the lower court.

BLACK, J.—Plaintiffs commenced this suit by attachment, and the defendant filed an amended plea in abatement, signed by his attorneys, Higbee & Raley, and verified as follows:

"This affiant, attorney for the defendant, upon his oath, says that the allegations contained in the foregoing plea are true.
"[Signed.] EDWARD HIGBEE."

Plaintiffs moved to strike out the plea, because it was not verified by the defendant, but by Higbee, and it did not appear that he had either the knowledge to justify him in making the affidavit, or the authority to make the same for defendant, which motion was sustained, and a judgment entered sustaining the attachment.

The statute, section 438, only requires that the plea shall be verified by affidavit, and it was held in *Norvell v. Porter*, 62 Mo. 312, that the affidavit of an attorney was a sufficient verification, and we see no reason for departing from what is there said. From the peculiar form of the affidavit, the affiant does not swear to the

Irwin v. Evans.

fact that he is the attorney for the defendant, but the record shows that defendant, by his attorney, Edward Higbee, by leave of the court, filed the amended plea in abatement. This shows that he was recognized by the court as an attorney in the cause for the defendant, and, having authority to appear in the cause, he had authority to make the affidavit.

It would seem the court sustained the motion, upon the ground that the attorney did not, in the affidavit, set out and show that he had a knowledge of the facts stated in the plea, and, in support of this view of the case, we are cited to the case of *Eldridge v. Steamboat*, 27 Mo. 596, where it was held that a complaint under the boat and vessel act, verified as this plea is, was an insufficient verification—that the affidavit by an agent must disclose the agent's means of knowledge. The rule there stated seems to have been adopted in analogy to the rules and practice prevailing in some of the courts of admiralty. It was said, in the more recent case of *Gilkeson v. Knight*, 71 Mo. 404, that the rule requiring the agent to disclose, in his affidavit, his means of knowledge has never been applied to any other proceeding than those under the boat and vessel act. That was an affidavit for an attachment, but we can see no reason why any distinction should be made between an affidavit for an attachment and an affidavit to a plea in abatement, in the respect under consideration. Here the affidavit is not upon information and belief, but it is positive, and we entertain no doubt but it is sufficient in all respects. The motion should have been overruled.

The judgment is reversed and the cause remanded, with directions to the court to proceed to hear the issues made by the plea in abatement. All concur.