43 179
65 92

THE MISSOURI VALLEY LUMBER COMPANY, Respondent,
v. STEPHEN WEBER *et al.*, Appellants.

Kansas City Court of Appeals, January 5, 1891.

**Mechanics' Lien:** AFFIDAVIT MADE BY AGENT: RECORD. Where it appears from the record proper ( in this case the petition ) that the party who made the affidavit to the lien is the agent of the lienor, it is proper to admit said lien in evidence although the agency of the affidavit does not appear upon the face of said lien.

*Appeal from the Jackson Circuit Court.*—HON. J. H. SLOVER, Judge.

AFFIRMED.

*Karnes, Holmes & Krauthoff*, for appellants.

(1) The requirement of this statute is a matter of substance. The verification is designed to authenticate the claim asserted. The supporting oath is not a mere idle ceremony. Its absence or insufficiency is a defect which goes to validity of the claim, and is vital in its nature. The objection may be made at any stage of the proceedings to enforce the lien. *Hallegan v. Herbert*, 2 Daly, 254; *Conklin v. Wood*, 3 E. D. Smith, 662, 666; *McCabe v. Sumner*, 40 Wis. 386, 390; *Reilly v. Powell*, 34 Mo. App. 431. (2) It is proper, and in some instances necessary, that the affidavit should be allowed to be made by some one on behalf of the claimant; but the rule is universal that the affiant acting for another should disclose such fact in the affidavit, and also that he has some knowledge concerning its subject-matter. The affidavit of a mere volunteer, 'or of some person with no knowledge of, or connection with, the matters by reason of which the lien is claimed, would not comply with either the letter or spirit of the statute. *McCabe v. Sumner, supra; Wiley v. Aultman*, 53 Wis. 560; *Mantz v. Hurdley*, 2 Hen. & M. (Va.) 308, 316, 317; *Bank v. Skinner*, 9 Paige, 305, 307; *Bowes v. Hoeg*, 15 Fla. 403, 407; *Railroad v. Huse*, 5 W. Va. 579; *Pullen v. Baker*, 41 Tex. 419; *Meyers v. Lewis*, 1 McMullan (S. C.) 54, 55. (3) The precise point has been before the courts a number of times. The rulings made are direct authority for our contention. Some of the cases involved the verification of mechanics' lien claims. Where this is made by an agent or otherwise on behalf of another, unless the fact of such agency, or that he was so acting for the claimant, is stated as part of the affidavit, the lien claim is fatally defective. *Manley v. Headly*, 10 Kan. 88, 94; *Dorman v. Crozier*, 14 Kan. 224, 227; *Willis v. Lyman*, 22 Tex. 268, 269; *Ex parte Bank*, 7 Hill, 177; *Hill v.*

*Hoover*, 5 Wis. 354, 371 ; *Wiley v. Aultman*, 53 Wis. 560 ; *Sloane v. Anderson*, 57 Wis. 123, 124, 134, 135 ; *Miller v. Railroad*, 58 Wis. 310, 312 ; *Martinez v. Martinez*, 2 N. M. 464, 468 ; *McLain v. Iron Co.*, 58 Ga. 233, 234 ; *Mfg. Co. v. Hunter*, 15 Neb. 32, 38 ; *Banking Co. v. Haverstick*, 6 Halst. ( N. J.) 171, 174. *Murray v. Cone*, 8 Porter ( Ala.) 250, 252 ; *Bergh v. Jayne*, 7 Mart. ( N. S.) 609.

*Lathrop, Smith & Morrow*, for respondent.

( 1 )  The lien was sufficiently verified.  The affidavit need not on its face show a relationship between the claimant and the affiant, if the whole record discloses a sufficient relationship.  Such relationship is sufficiently disclosed in this case.  It appears from the face of the petition that affiant Sullivan was the secretary and manager of the plaintiff claimant.  His testimony also shows the same.  *Gilkeson v. Knight*, 71 Mo. 403, 405 ; *Johnson v. Gilkeson*, 81 Mo. 55 ; *Irwin v. Evans*, 92 Mo. 472, 474 ; *Simpson v. McCarthy*, 20 Pac. Rep. 406, 407.  ( 2 )  The affidavit is positive on its face.  The affiant swears to the matters therein of his own personal knowledge.  He does not swear on information or belief.  Inasmuch as the petition shows on its face that he was the secretary and manager of the plaintiff corporation, it would be absurd to say that he was not acting for plaintiff.  *Irwin v. Evans*, 92 Mo. 472, 474.  ( 3 )  The sufficiency of the affidavit and whether made by the proper party is a matter of judicial inquiry.  *Schroeder v. Mueller*, 33 Mo. App. 29, 33 ; *Gilbert v. Towler*, 116 Mass. 375 ; *Williams v. Webb*, 2 Disney ( Ohio ).  ( 4 )  As tending to show the liberality with which our courts view the mechanics' lien law and look only for a substantial compliance we refer to the cases : *Mill Co. v. Church*, 54 Mo. 520, 523 ; *Hassett v. Rush*, 64 Mo. 325, 327 ; *Reed v. Bagley*, 38 N. W. Rep. ( Neb. ) 827, 830.

GILL, J.—This is an action to enforce a mechanic's lien, and the sole question is, as to the sufficiency of the affidavit appended to the account filed with the clerk of the circuit court, as required by that section of the mechanics' lien law, known now as section 6709, Revised Statutes, 1889. The matters stated in the mechanics' lien, so filed, are sworn to by J. B. Sullivan, but it is not stated on the face of the affidavit that Sullivan makes the same for, or on behalf of, the alleged lienholder, the said Lumber Company. The petition, however, filed by the plaintiff in the cause does set out that said Sullivan is the secretary, manager and agent of the corporation, and made the affidavit for and in its behalf.

At the trial below the defendant objected to the lien thus sworn to, on the one ground, to-wit, that it did not appear on the face of the affidavit that Sullivan made the oath *for* the plaintiff Lumber Company. The statute requires ( section 6709, *supra* ) that the lien, thus filed in the circuit clerk's office, "be verified by the oath of himself or some creditable person for him." The point is made below, and renewed here, that, where a person other than the lienholder makes the affidavit, it should appear in the body thereof that the oath is made for or on behalf of the person filing the lien. The circuit judge seems to have decided that, since Sullivan's relation to the Lumber Company amply appeared from the record,—that he was acting as manager, etc., and made the affidavit for the company,—the lien statement was sufficiently verified, and therefore overruled defendant's objection. This holding, in our opinion, was correct. Under the attachment law it is provided, that "the affidavit shall be made by the plaintiff or some person for him," etc. R. S. 1889, sec. 526. Construing this section, it has been repeatedly held in this state, that it need not be stated in the affidavit for attachment ( where the oath is made by one other than the plaintiff )

that the affiant makes oath for the plaintiff—that it is sufficient if such appears from the whole record ( meaning, we suppose, the record proper ). *Gilkeson v. Knight*, 71 Mo. 403 ; *Johnson v. Gilkeson*, 81 Mo. 55 ; *Irwin v. Evans*, 92 Mo. 472. The petition in the cause is of the record proper, and in the petition here it appears that the affiant Sullivan was agent and manager for the party filing the lien, and *for* it made the affidavit to the lien. We regard this sufficient, and the court's ruling admitting the lien was proper. We discover no reason why the same rule above applied to attachment affidavits is not equally applicable here.

Defendant's counsel have cited some cases in other states—some of which at least seem in conflict with the view here taken. However we cheerfully follow the above analogous decision of our supreme court. In our opinion they consist more with reason and that fair and liberal construction of our mechanics' lien law so frequently adopted by the late decisions in this state. We indorse the views of the supreme court of Nebraska in a late case, quite in point. *Reed v. Bagley*, 38 N. W. Rep. 827.

The judgment of the circuit court is affirmed. All concur.