Reed, J.,
delivered the opinion of the court.
' The plaintiff brought suit to enforce a mechanic’s lien upon certain real property owned by the defendant.
*483 One Wessels in 1890 was the owner of the property and entered into a contract with Waldin to furnish the material and build a house for the gross sum of $1,745, bought material from the plaintiff for the construction of the building amounting to $603.47, on which the sum of $5.34 was paid, leaving a balance unpaid of $598.13. After the completion of the house (date not given) Wessels sold the property to defendant Park. This action was brought to enforce the lien of the subcontractor.
The defendant in error, Waldin the contractor, and two or three othérs, who need not be noticed in the decision of the case, were made defendants. The latter were personally served with summons. Defendant in error and Waldin were neither served personally, but defendant entered an appearance and contested the case. The case was tried to the court, resulting in a judgment of dismissal.
For several reasons, either of which would be sufficient, the judgment must be affirmed.
By sec. 3 of the act of 1889 concerning liens, it is declared: “ Any person wishing to avail himself of the provisions of this act shall file for record, in the office of the county recorder of the county wherein the property to be effected by the lien is situated, a statement containing.” * * *
“ Third, a description of the property to be charged with the lien sufficient to identify the same.”
There is no such description of the property; nothing by which the property could be identified. It is: “ That the property to be charged with said lien is described as follows : Plat 2 in Block 13 of Harmans Subdivision,” — no state, county, city, addition to or subdivision of any city. It might be inferred from the filing of the statement that the property was situated somewhere in Arapahoe county — that is the only guide. The evidence shows that the property on which the house was built, which was owned by Wessels, was lots 7 and 8 of plat 2; that the plat contained several lots. See Anderson v. Bingham et al., 1 Colo. App. 222.
In the fourth subdivision of the same section it is provided: *484 “ * * * In order to preserve a lien for work performed or materials furnished by a subcontractor there must be served upon the owner of the property, his agent or trustee, at or before the time of filing with the county clerk and recorder the statement above provided for, a copy of such statement. If neither the owner nor any agent of the owner can be found in the county where the property is situated, an affidavit to that effect shall be filed with the aforesaid statement.”
Wessels, the owner, was not served with a copy. Richard Harris, claiming to be the agent of the plaintiff, made and filed an affidavit, “ That he had made diligent search and inquiry ” for the purpose of serving her, “ but cannot find said owner or her agent in the county,” etc.
If there had been no evidence introduced, the affidavit might have been sufficient to have given the court jurisdiction. The testimony was uncontradicted and conclusive that the Wessels occupied the house at the time. The testimony of Harris is that a very few days previous he was at the house, saw the parties there and knew they were occupying the premises. His own testimony in regard to the attempted service of the copy is as follows:
“ I attempted to make the service of this lien on Mrs. Wessels, but there was no one at the house or on the premises. I went to the front door and went to the back door, and I went to the barn and stayed there a few minutes and I couldn’t see any one and I got no response and came away.”
How upon going once to the residence known to be occupied by them and finding the parties out, and making no inquiry, Mr. Harris could swear “ That he had made diligent search and inquiry * * * but could not find the owner nor her agent in the county,” etc., must be settled by some other tribunal, as he is not arraigned for perjury. For the purposes of this case it is sufficient to say, when the affidavit was shown to be false by his own evidence, the court was divested of jurisdiction, the service of the statutory notice being essential to give the court jurisdiction to charge the property.
*485 Waldin, the contractor, was not before tire court. A judgment by default was entered against him. An attempt was made to get service upon him by publication under sec. 41 of Civil Code, but the affidavit was made by the attorney of the plaintiffs, not by “ the plaintiffs or one of the plaintiffs,” as required by the statute. See Davis v. Lumber Co., 2 Colo. App. 381, in which the necessity of making the contractor a party is fully discussed. See also Estey v. Lumber Co., ante, 165, where the question is examined and the following appears in the opinion of the court:
“ No privity of contract exists between the owner and the subcontractor; the eontractor is the primary debtor; if the amount could be collected from him there would be no resulting claim against the property of the owner; the claim against the property is secondary, ancillary. Not only must there be a primary judgment against the contractor but there must be an adjudication or settlement of the amount due subcontractors — matters of which the owner can have no knowledge whatever- — and in order to fix the .amount for which subcontractors could charge the property, an adjudication or accounting between the owner and the contractor is indispensable.” See also Phillips on Mech. Liens, sec. 397; Freeland v. Ellsworth, 71 Iowa, 347; Keen v. Flynn, 51 Mich. 573; Sinnickson v. Lynch, 25 N. J. L. 317; Pennoyer v. Neff, 95 U. S. 714.
That the statute pertaining to liens is in derogation of the common law and must be strictly construed and carefully followed, and that any important departure from or failure to comply with its requirements vitiates the proceeding to enforce it. See Anderson v. Bingham et al., supra; Davis v. Lumber Co., supra; Estey v. Lumber Co., supra.
We conclude that the court did not err in its judgment and that it must be affirmed.

Affirmed.