McLaughlin, *Appellant*, v. Schultz.

Division Two, December 18, 1894.

1. **Mechanic's Lien:** VERIFICATION OF AFFIDAVIT: AGENCY.  Under
section 6709, Revised Statutes, 1889, requiring a contractor seeking
to obtain a mechanic's lien to file a true and just account with the
clerk of the circuit court, "verified by the oath of himself or some
credible person for him," it is not necessary that the fact of agency
appear on the face of the affidavit when made by another person for
the party claiming the lien.

2. ——: ——: ——. The question of agency in such case is a matter of proof for the court having jurisdiction to hear the cause.

3. ——: ——: ——: JUSTICE'S JUDGMENT: COLLATERAL ATTACK. A judgment of a justice of the peace enforcing a mechanic's lien can not be collaterally attacked upon the ground that the person making the affidavit to the account required to be filed with the circuit clerk was not the agent of the party seeking to obtain the lien.

*Appeal from Greene Circuit Court.*—HON. W. D. HUB-BARD, Judge.

REVERSED AND REMANDED.

*B. R. Brewer* for appellant.

This being an action at law, not even an effort being made at equity after amputating the Sims prong of it, by dismissing his complaint, there was left no evidential grounds on which to go back to the files of circuit clerk nor the justice. *Seaman v. Paddock*, 51 Mo. App. 467. Sales can not be impeached collaterally in ejectment where a stranger purchases lands at an execution sale; it can be impeached only by direct proceeding by motion to set aside the sale, or where a deed has been made by an action in the nature of a bill in chancery. It can not be done in an ejectment. *Grower v. Smith*, 49 Mo. 318. Every reasonable intendment should be made in support of the right of a purchaser at execution sale, and where an execution is regular on its face, he can not be injuriously affected by any irregularities in the proceedings which resulted in the sale, unless they were of a character to render the proceeding wholly void. *Cabell v. Grubbs*, 48 Mo. 353; *Thompson v. Phillips*, 1 Cald. C. C. 246; 11 Mo. App. 413. If the principle of invulnerability of the judgment, and the execution, shall prevail as contended for in the foregoing, it is unnecessary to notice the

assaults of the defendant aimed at the affidavit that was made for the lien, the itemized statement of S. W. McLaughlin for the purpose of lien, and the statement he filed before the justice; and, though these papers may or may not be lacking in formula or in things absolutely essential, so much so that on appeal judgment might have been reversed, or in chancery it might have been set aside and the execution quashed, the negligence of the defendant in not doing, if he could, these things, will not now be upheld against plaintiff. But, so far as the act of signing the affidavit is concerned, that act was fully ratified and adopted by S. W. McLaughlin, and, as agencies may be either express or implied, surely no reasonable mind could conclude but that G. W. McLaughlin signed the affidavit for the lienor, and if anything was necessary to show this we have the subsequent acts of S. W. McLaughlin accepting the fruit thereof by going forward and obtaining judgment in the circuit court, suing out his execution thereon, and finally having satisfaction thereof. All these were acts of ratification and adoption which bound him to respond to Schultz, if Schultz had been aggrieved.

*Coleman & Delaney* for respondents.

(1) In an action to enforce a mechanics' lien, a justice is not only on inferior court, but one whose jurisdiction is statutory, and his jurisdiction must affirmatively appear upon the face of the proceedings. *Cunningham v. Railroad*, 61 Mo. 33; *Haggard v. Railroad*, 63 Mo. 302; *Fletcher v. Keyle*, 66 Mo. 285; *McQuid v. Lamle*, 19 Mo. App. 153; *Ewing v. Donnelly*, 10 Mo. App. 6. (2) It is an essential to jurisdiction that the claim, or notice of lien, filed in the office of the circuit clerk, be verified by the affidavit of the

claimant or duly authorized agent or attorney in his behalf.    R. S. 1889, sec. 6709; *Bray v. McClurg,* 55 Mo. 128; *Hargadine v. VanHorn,* 72 Mo. 370; *Burnett v. McCluey,* 78 Mo. 689; *Abernathy v. Moore,* 83 Mo. 65.    (3) As the justice acquired no jurisdiction over the subject-matter, the sale passed no title.    It can be assailed either by motion to quash or an ejectment. *Railroad v. Reynolds,* 89 Mo. 146; *Taylor v. Todd,* 48 Mo. App. 555; *McClanahan v. West,* 100 Mo. 323.

GANTT, P. J.—This is an action of ejectment in statutory form for the following parcel of land in Greene county, Missouri, to wit:    "All of the south half of the following described tract of land situated in the city of Springfield, commencing at a point twenty (20) rods south and thirteen (13) rods west of the northeast corner of section twenty-four (24) in township twenty-nine (29), in range twenty-two (22) west of the fifth principal meridian, being the northwest corner of a lot of ground sold by J. L. Robberson to Sarah Jones, thence six (6) rods for a beginning point thirty-eight and one half (38 1-2) feet, thence south twenty (20) rods to the center of St. Louis street in the said city of Springfield, thence east thirty-eight and one half (38 1-2) feet, thence north to the beginning."    Ouster was laid in June, 1891.    Judgment was rendered for defendant at the May term, 1892, from which plaintiff has appealed.

Plaintiff's title is a sheriff's deed based upon a transcript of a judgment rendered by L. G. Fath, a justice of the peace, within and for Campbell township, in Greene county, Missouri, in an action by S. W. McLaughlin against the defendant herein, George Schultz, to enforce a mechanic's lien.

The lien filed in the office of the circuit clerk upon which the action was brought was signed and sworn to

by Wm. G. McLaughlin.   No irregularities are pointed out in the process or judgment of the justice, except that it is claimed that his judgment is void because the lien filed in the office of the circuit clerk is void because the affidavit thereto is not made by the lienor in that lien, S. W. McLaughlin, or by any one styling himself as agent in his behalf.

By section 6709, Revised Statutes, 1889, every original contractor seeking a lien shall file a true and just account with the clerk of the circuit court "verified by the oath of himself or some credible person for him."

The trial court gave the following instructions for defendant:

"The court declares the law to be that under the law and the evidence plaintiff can not recover."

"The court declares the law to be that the lien filed in the office of the circuit court is void, because the affidavit thereto is not made by S. W. McLaughlin or any agent or person in his behalf, and plaintiff can not recover in this action on the evidence produced," to which plaintiff, by her counsel, duly excepted at the time, and thereupon the court found for the defendant, and plaintiff, in due time, filed her motion for new trial, which was overruled. She appealed to this court.

I.   The circuit court erred in admitting the affidavit filed with the clerk to impeach the validity of the lien.

The justice of the peace had jurisdiction in the action brought to enforce the mechanic's lien.   R. S. 1889, sec. 6159.   The statute does not require the fact of agency to appear on the face of the affidavit when made by another person for the party claiming the lien.   It is a matter of proof to the court having jurisdiction to hear the cause, and when it renders its

judgment and finds, as the justice did in this case, that the account was duly verified, that judgment is not open to attack in a collateral proceeding. Although an inferior court, as the matter was within its exclusive jurisdiction, its finding is binding and can not be impeached in this manner. It is not required by law to preserve the testimony upon which its judgments are based. This fact was not jurisdictional but a matter for judicial inquiry. *Schroeder v. Mueller*, 33 Mo. App. 28; *Reed v. Bagley*, 38 N. W. Rep. 827; *Charley v. Kelley*, 120 Mo. 134.

It has been repeatedly held by this court that it was not necessary in an attachment case, that an agent for the plaintiff should disclose his means of knowledge or show his agency on the face of the affidavit. *Gilkeson v. Knight*, 71 Mo. 403; *Burnett v. McCluey*, 92 Mo. 230; *Irwin v. Evans*, 92 Mo. 472.

The lien was not void, neither was the judgment enforcing it void, and in so holding and declaring in its instruction the circuit court manifestly erred, and the judgment is reversed and the cause remanded for a new trial in accordance with these views. All of this division concur.