No. 10,474.

PACIFIC LUMBER CO. v. WATTERS, ET AL.

Decided October 1, 1923. Rehearing denied November 5, 1923.

Action to foreclose mechanic's lien. Judgment of dismissal.

### Reversed.

1. MECHANICS' LIENS—*Notice—Sufficiency.* A description in a mechanic's lien notice which distinguishes the property sought to be charged with the lien from every other piece of property,

constitutes identification, and a notice which gives the numbers of the lots, block, and addition, held sufficient, regardless of the fact that there is no mention of the city, county or state in which the property is located.

*Error to the District Court of the City and County of Denver, Hon. Warren A. Haggott, Judge.*

Messrs. QUAINTANCE, KING & QUAINTANCE, for plaintiff in error.

Mr. PERCY S. MORRIS, for defendants in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

THE plaintiff in error brought suit to foreclose a mechanic's lien. A demurrer to the complaint was sustained and the case is brought here for review.

The only question is the sufficiency of the description of the property in the notice of lien, which is as follows: "Lots 33, 34, 35 and 36, block 10, Windsor Addition." There is no statement of the city, county or state. The statute requires the notice to contain "* * * Third, a description of the property to be charged with the lien sufficient to identify the same." The complaint states that the property in question belonged to one Jennie Foster; that the improvements on which the lien was based were on lots 33, 34, 35 and 36, block 10, Windsor Addition to the City and County of Denver, State of Colorado; that said Windsor Addition was a duly platted addition or subdivision within the City and County of Denver; that the plat thereof was duly recorded in the said city and county; that said property was generally known as lots 33, 34, 35 and 36, Windsor Addition, and that said addition was the only addition, subdivision or platted portion of or on said city and county of Denver having the same or a similar name; and that at no time mentioned in the said complaint did said Jennie Foster own any other real estate in the City and County of Denver, State of Colorado and was not engaged in the construction of any other building.

It follows from this with the certainty of mathematical demonstration that the description in the notice distinguishes the property in question from every other piece of property, and this constitutes identification. Such a description would be sufficient in any deed, and there is no reason to say that a description good in a deed is not good in a mechanic's lien notice, indeed the rule is more liberal with reference to the lien than to the deed. 27 Cyc. 156, citing *Martin v. Simmons*, 11 Colo. 411, 18 Pac. 535. See also *Lowell Co. v. May*, 59 Colo. 475, 149 Pac. 831, and *Cannon v. Williams*, 14 Colo. 21, 23 Pac. 456. We are led to think of the difference between latent and patent ambiguity in the ancient common law, elementary today, but there is no ambiguity here because there is but one Windsor Addition.

Counsel cite *Anderson v. Bingham*, 1 Colo. App. 222, 28 Pac. 145, and *Sayre-Newton Lumber Co. v. Park*, 4 Colo. App. 482, 36 Pac. 445, and those cases seem to support the defendant in error, but if they do we cannot follow them because they violate the terms of the statute as well as the principles laid down by this court in the cases above cited.

Judgment is reversed with directions to overrule the demurrer and proceed with the cause.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE SHEAFOR concur.