No. 10,787.

CONSUMERS LUMBER AND INVESTMENT CO. v. HAYUTIN.

Decided June 2, 1924.

Action to foreclose mechanic's lien.    Judgment for defendant.

*Reversed.*

1. MECHANICS' LIENS—*Statutes—Construction.* A reasonably liberal construction should be applied to the provisions of the mechanics' Lien statutes, especially as to the administrative or enforcement provisions of liens which clearly come within their purview.

2. *Claim—Verification.* The verification of a mechanic's lien statement on behalf of a corporation, made by an individual, held sufficient, although the verification contained no statement that he was acting on behalf of the claimant.

3. *Statement—Verification—Inconsistency.* A mechanic's lien statement on behalf of a corporation was verified by an individual, the verification containing the statement that he was the claimant. It clearly appearing from the statement and

verification as a whole that affiant was acting for the corporation, the contention that there was an irreconcilable inconsistency between the statement and verification, is overruled.

*Error to the District Court of the City and County of Denver, Hon. Clarence J. Morley, Judge.*

Messrs. ROBINSON & ROBINSON, Mr. W. F. ROBINSON, JR., for plaintiff in error.

Mr. SIMON J. HELLER, Mr. JACOB J. LIEBERMAN, for defendant in error.

*Department Three.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

UNDER permissive section 6452, C. L. 1921, a number of persons, mechanics and material men, claiming liens against the same property, neither contesting the claims of the others, joined as plaintiffs in the same action to enforce their liens thereon, each plaintiff stating his cause of action in a separate count or statement of the complaint. The Consumers Lumber & Investment Company, a corporation, plaintiff in error, one of these claimants, set forth its cause of action in the fourth count or statement. The defendant Morris Hayutin, owner of the property, filed his general demurrer thereto, which the court sustained, and the plaintiff, standing by its pleading, the court rendered judgment "that as to the claim of the plaintiff, Consumers Lumber & Investment Company, defendant Morris Hayutin go hence hereof," and recover his costs. To this judgment the investment company is prosecuting this writ.

It seems that the action below is still pending as to the other defendants. There is an indefiniteness in the record as to the status of the case there, particularly as between the plaintiff in error and the defendant. The defendant in error here, defendant below, by his counsel says the only thing decided by the trial court is that the plaintiff in error was not entitled to a lien, and whatever be the other relief, if any, he is entitled to, he may still get in the trial court upon the final hearing of the action. Plaintiff

in error says that, considering the nature and language of the judgment as it might, and probably would, be construed, if the question is raised, it is dismissed from the action and may not get any further relief there, such as a money judgment against the owner or principal contractor or against both, unless this judgment is reversed. Since we must reverse the judgment in its entirety for reasons hereinafter mentioned, it is not necessary to spend time discussing this particular contention.

The objection to the complaint, and the only one, and upon which the demurrer was sustained, is that the lien statement was not prepared or verified as required by law. The statement, which was signed "The Consumers Lumber & Investment Co., Claimant, By L. P. Carter," is immediately followed by the verification in the following language: "State of Colorado,⎫ ss. County of Denver.⎭

L. P. Carter, of lawful age, being first duly sworn, on oath states that........he is........the claimant herein named; that he has read the within statement and knows the contents thereof and that the same is true to the best knowledge, information and belief.

L. P. Carter.

Subscribed and sworn to before me this 10th day of January, A. D. 1923.

My notarial commission expires June 8, 1925.

Clemens N. Kohl,
Notary Public."

As usual in such cases the parties are not in accord as to the rule of construction in mechanic's lien cases, the defendant asserting that the statute, being in derogation of the common law, should be construed strictly; the lien claimant maintaining that a liberal construction should be given inasmuch as such liens are equitable in their character. In 27 Cyc. p. 20, *et seq.*, the author discusses this question and cites, as favorable to liberal construction, *Florman v. School Dist. No. 11*, 6 Colo. App. 319, 40 Pac. 469, and *Cary Hardware Co. v. McCarty*, 10 Colo. App.

200, 50 Pac. 744. A late case, *Pacific Lumber Co. v. Watters,* 74 Colo. 147, 219 Pac. 782, cites with approval *Lowell v. May,* 59 Colo. 475, 149 Pac. 831, which requires a liberal construction.

This court is committed to the doctrine of a reasonably liberal construction of the provisions of mechanic's lien statutes, especially as to the administrative or enforcement provisions of liens which clearly come within their purview. Section 6460, C. L. 1921, reads: "the provisions of this act shall receive a liberal construction in all cases." Testing the sufficiency of this verification by this rule of construction, and even under any rule of construction, we think the district court was wrong in holding it insufficient. Section 6450, C. L. 1921 provides for the contents of the lien statement. The fourth subdivision of the section is: "Such statement shall be signed and sworn to by the party, or by one of the parties, claiming such lien, or by some other person in his or their behalf." There is nothing in this language, or in any part of the act, which requires that the affidavit of verification shall contain the statement, when made, not by the party but by some other person in his behalf, that such other person makes it in behalf of the claimant. Therefore, the fact that in this verification there is no statement that the affidavit was made in behalf of the claimant, is not fatal to its validity. There is an averment in the complaint which, of course, is admitted by the demurrer, that L. P. Carter, who verified this statement, is the manager and assistant secretary of the claimant and that he was duly authorized by the claimant for it and in its behalf, and thereby had authority to prepare and verify this statement and file the same with the county recorder, and that such statement was so made and verified in its behalf. There is proof then sufficient as against a general demurrer that Carter, who verified this statement, was acting in behalf of the claimant in preparing and verifying the same and filing it with the recorder. It would be too technical and strained a construction to hold that this verification is insufficient. There are decisions

of other courts on similar statutes to the same effect. *McLaughlin v. Schultz,* 125 Mo. 469, 28 S. W. 755. The Missouri statute provides that the verification may be made by the agent of a claimant, and that statute, as construed therein, does not require the fact of agency to appear on the face of the affidavit. Our statute does not require that the fact that some other person than the claimant makes the verification in behalf of the claimant shall appear upon the face of the affidavit. In *Coghlan v. Quartararo,* 15 Cal. App. 662, 115 Pac. 664, under a statute which authorizes a verification of a lien statement by the claimant or some person for him, it is held that a verification signed "The Swett-Davenport Lumber Co. by W. E. Code" is a sufficient compliance with the statute and that it was competent for Code to make and file the claim for the corporation and to verify it, even though the verification does not on its face state that Code is the agent of, or that he verifies it for, the corporation.

In *Missouri Valley Lumber Co. v. Weber,* 43 Mo. App. 179, the syllabus reads: "Where it appears from the record proper (in this case the petition) that the party who made the affidavit to the lien is the agent of the lienor, it is proper to admit said lien in evidence although the agency of the affidavit (affiant) does not appear upon the face of said lien."

So here the fact that Carter in this case made the verification in behalf of the claimant is alleged in the fourth cause of action, which was held by the trial court defective because of the insufficiency of the verification. The Missouri statute is not essentially different from ours. It requires that the lien "be verified by the oath of himself or some creditable person for him." See also *Parke & Lacy Co. v. Inter Nos Oil & Devel. Co.,* 147 Cal. 490, 82 Pac. 51. In *Mandel v. Peet, Simms & Co.,* 18 Ark. 236, it was held that it is not necessary that the affidavit for an attachment, when made by a person other than the plaintiff, should state that the affiant made it for the plaintiff. If that is true with reference to attachment, where the rule

of construction is at least as strict as in mechanic's lien cases, it certainly should be true as to a verification of a lien statement.

The defendant relies most strongly, though not exclusively, upon the decision of this court in *J. D. Best & Co. v. Wolf Co.*, 67 Colo. 42, 185 Pac. 371, 29 A. L. R. 899, where the acknowledgment of a chattel mortgage, executed by a corporation, was held insufficient. The chattel mortgage act contains a form of 'acknowledgment. Our Mechanic's lien act has no form of verification. In the Wolf Company case the acknowledgment was made by an individual and there was no attempt to comply with the statutory form and no statement, either in the acknowledgment or in the mortgage itself, that the person who acknowledged it was authorized to do so. The distinction between that case and the instant case is apparent. The court in that case said that the person who acknowledged it acknowledged it for himself and not for the corporation of which he was an officer. The certificate itself, the court also found, should state that the statute was substantially complied with. That is so because the form so provided, and there was a complete failure to observe it.

There is a further contention, though apparently not much relied upon, that there is an irreconcilable repugnancy or inconsistency between the statement in the verification "that he (Carter) is the claimant herein named" and language in the lien statement or notice itself that the lumber and investment company is the claimant, and therefore, these repugnant statements are mutually destructive. First, it should be said that section 6450 provides that the signature of any affiant to a verification shall be a sufficient signing of the statement. If it were necessary, the signing of the name of the corporation to the statement by Carter as the claimant, might be disregarded as surplusage and this would remove the feature of any repugnancy between the signing and the verification. But for a better reason this objection is of no force. Not only the signature to, but the body of, the statement repeatedly affirms

that the company is the claimant.   Obviously, the language in the verification that he (Carter) is the claimant is a clerical error, doubtless arising out of the fact that a blank form probably was used and the blanks filled in hurriedly. Reading the statement and the verification as a whole, as should be done, no one could be misled to his injury, for it is quite clear therefrom that the company was the claimant and Carter, in preparing and verifying the statement, was merely acting for, and in behalf of, the corporation.

The judgment of the trial court is reversed and the cause remanded, with instructions to the district court to set aside this judgment as to this plaintiff in error and reinstate his cause of action in the common complaint, and that further proceedings, if any, be not inconsistent with the foregoing views.

Reversed and remanded.

Mr. Chief Justice Teller and Mr. Justice Sheafor concur.