## ELWERT *v.* NORTON.

[51 Pac. 1097; 59 Pac. 1118.]

1. PREMATURE APPEAL.—Failure of the trial court to act upon a motion by the appellee to strike from the files an undertaking on appeal, for defects therein, is not available to him in the appellate court, on a claim that the appeal was prematurely taken, for Hill's Ann. Laws, § 537, Subd. 4, providing that when a party in good faith gives notice of appeal, and thereafter omits, through mistake, to do any other act, including the filing of an undertaking necessary to perfect the appeal, the trial court or the appellate court may permit an amendment or performance of such act on such terms as are just, does not confer on the trial court any jurisdiction to pass on the sufficiency of the notice of appeal, or of any other jurisdictional proceeding required to perfect the appeal, and of course there was nothing to be decided, so the appeal was not premature.

2. APPEAL—FILING NEW BOND.—Where a challenge to the sufficiency of an undertaking on appeal is sustained by the supreme court, it will allow appellant to file a new undertaking, without any cross motion for leave to do so; and hence a motion for leave will not be denied because it was filed after a motion to dismiss for insufficient undertaking: *Cross* v. *Chichester*, 4 Or. 114; *Alberson* v. *Mahaffey*, 6 Or. 412, and *State ex rel.* v. *McKinmore*, 8 Or. 207, overruled on this point.

From Multnomah: LOYAL B. STEARNS, Judge.

Suit by Chas. P. Elwert against 'Sarah Norton and others, in which plaintiff lost. He appealed; whereupon it was moved to dismiss his appeal. This was overruled, but on the final hearing the decree was affirmed.

MOTION OVERRULED: AFFIRMED.

ON MOTION TO DISMISS APPEAL.

*Mr. Martin L. Pipes* for the motion.

*Mr. Dell Stuart, contra.*

PER CURIAM. This is a motion to dismiss an appeal. The material facts are that on July 10, 1897, the court below dissolved an injunction theretofore issued in the cause, and dismissed the suit. From this decree plaintiff attempted to appeal, and, after serving and filing his notice thereof, filed an undertaking therefor, to which his name is appended as principal, but purported to have been signed "by J. B. Elwert, Agent," with C. A. Alisky and T. H. Liebe as sureties. Counsel for defendants excepted to the sufficiency of the sureties, and also moved to strike the undertaking from the files for the reason that it is insufficient to stay proceedings; that it does not undertake that the appellant will pay the value of the use and occupation of the property described in the decree, if the same be affirmed; and that it does not appear that J. B. Elwert had authority from appellant to subscribe his name to the undertaking, but no action was ever taken by the court upon this motion. On August 2, 1897, by stipulation of the parties, the sureties appeared before the clerk of the circuit court, and Alisky was examined on oath concerning his qualifications as such surety, and his testimony was thereupon reduced to writing, and subscribed by him. On the next day, plaintiff's counsel left with the person in charge of the office of counsel for defendants a notice to the effect that on August 9, 1897, at the hour of 10 o'clock in the forenoon, said sureties would appear at the office of said clerk for the purpose of justifying to their sufficiency;

but the proof of service does not show that defendants' counsel was absent from his office at the time the notice in question was left for him.    The defendants failing to appear in person or by counsel at the time and place so appointed, Liebe, being duly sworn, testified concerning his qualification as such surety, and his examination, being reduced to writing, was subscribed by him.    The clerk found that said sureties were sufficient, annexed their examinations to the undertaking, indorsed his allowance thereon, and filed the same in his office. Thereafter plaintiff filed the transcript of the cause ; and, before the motion in question came on to be heard, his counsel tendered a new undertaking for the appeal, executed by the same persons, and in the same manner, as the original, which he moves may be substituted therefor.

1.   Counsel for defendants insist that the motion in the court below to strike from the files the undertaking on appeal, for defects therein, and because the same is not signed by the principal, but by a person purporting to be his agent, whose authority was challenged, gave such court jurisdiction of the subject-matter, and that, the motion never having been acted upon, the court still retains jurisdiction of the cause, and hence the appeal was prematurely taken, in view of which it should be dismissed.    The authority relied upon to support this contention is Subdivision 4, Section 537, Hill's Ann. Laws, which, as far as applicable, is as follows :   "When a party in good faith gives due notice of an appeal from a judgment or decree, and thereafter omits, through mistake, to do any other act, including the filing of an undertaking or other act as provided in this section, necessary to perfect the appeal, or to stay proceedings, the court below or judge thereof, or the appellate court, may permit an amendment, or performance of such act, on such

terms as may be just.'' The argument on this point proceeds upon the theory that, if the undertaking on appeal be challenged in the court below, such court may allow the proper amendment, but, if attacked after the appellate court has acquired jurisdiction, the latter court only can allow a new undertaking to be filed. The authority of the trial court or judge to allow an act to be done that should have been performed, but was omitted through mistake, is evidently based upon a voluntary confession of the error by the party committing it, who alone can invoke the relief which the statute affords; and, such being the case, the adverse party cannot challenge, in the lower court, any act necessary to confer jurisdiction upon this court; for, if the rule were otherwise, then it would necessarily follow that the circuit court possesses the power of determining when the appellate court shall obtain jurisdiction of an appeal, to admit which would be tantamount to an abdication of jurisdiction on the part of this court. If plaintiff, in attempting to perfect his appeal, failed to pursue the provisions of the statute conferring the right, the defendants have their remedy in this court by a motion to dismiss; but as we view Subdivision 4, of Section 537, Hill's Ann. Laws, they have no right whatever to challenge in the lower court any step taken by plaintiff to perfect the appeal, and, such court having acquired no jurisdiction by the motion, no error can be predicated upon its neglect to determine the same.

2. Counsel for plaintiff, at the argument of this motion, tendered a new undertaking on appeal, and moved for leave to file the same as a substitute for the original; but it is insisted that this cross motion comes too late, because counsel for defendants had no notice thereof until their motion to dismiss came on to be

heard. It has been held that a motion for leave to file a new undertaking must be filed before the motion to dismiss is brought on for hearing (*Cross* v. *Chichester*, 4 Or. 112; *Alberson* v. *Mahaffey*, 6 Or. 412; *State ex rel.* v. *McKinmore*, 8 Or. 207); and, the cross motion in the case at bar not having been so filed, it is contended that it should be overruled; that appellant cannot be heard to insist that his original undertaking was executed as prescribed by statute, and at the same time offer to file a new one if it should be found deficient in any particular; and that his right to invoke the exercise of the discretionary power of the court to permit him to perform an act that he may have omitted through mistake must be predicated upon his confession that an error was committed. The approval of the rule contended for would, in our opinion, be subversive of, instead of furthering, the ends of justice. Suppose an appellant, believing he has strictly complied with all the provisions of the statute in perfecting his appeal, after giving due notice thereof, attempts in this court to maintain the principle for which he insists, and it should be determined that he had not complied with all the statutory requirements, what valid reason can be assigned for punishing him for his belief? Appeals at common law were unknown, and the right is derived from the statute, in view of which the subdivision under consideration should be treated as remedial, and receive a liberal construction. It has been the practice in this court for several years, when a challenge to the sufficiency of an undertaking has been sustained, to allow the appellant to file a new one without any cross motion therefor; and, the justice of this procedure being so apparent, we take occasion to say that the rule announced in the decisions hereinbefore cited no longer prevails. The motion to dismiss the appeal is

therefore denied, and leave granted to file the new or a substituted undertaking, if the one so tendered should be found insufficient.

MOTION OVERRULED.

ON THE MERITS.

For appellant there was a brief over the names of *Dell Stuart* and *Cox, Cotton, Teal & Minor*, with an oral argument by *Mr. Lewis B. Cox.*

For respondents there was a brief and an oral argument by *Messrs. Edward Mendenhall* and *Martin L. Pipes.*

MR. JUSTICE MOORE delivered the opinion.

This is a suit to enjoin the Sheriff of Multnomah County from selling certain real property upon execution. The facts are, that on July 6, 1894, the defendant Sarah Norton, secured a decree in the circuit court for said county against Mrs. J. B. Elwert, requiring her to remove a brick wall, and to pay the sum of $1,750 as damages, which decree, upon appeal, was affirmed in this court: *Norton* v. *Elwert*, 29 Or. 583 ; that on March 12, 1894, Mrs. Elwert, for the expressed consideration of $36,000, executed a deed to plaintiff purporting to convey lot 4 and the south five feet of lot 3, in block 218, in the City of Portland ; that thereafter, a mandate from this court having been sent down and a decree entered in the trial court as directed therein, Mrs. Norton's attorneys filed a lien against the same for the amount of their stipulated compensation, whereupon she assigned her interest in the decree to H. D. Sanborn; who caused an execution to be issued thereon, in pursu-

ance of which the defendant George C. Sears, as sheriff of said county, levied upon said real property as that of Mrs. J. B. Elwert, to prevent the sale of which the plaintiff Charles P. Elwert, instituted this suit. Issue having been joined therein, a trial was had, and the court, finding that the deed from Mrs. Elwert to her son was executed without any consideration therefor, declared the same canceled, and ordered the sheriff to sell the property upon said execution, and, after satisfying the costs and disbursements, to pay the proceeds first to Mrs. Norton's attorneys to the extent of their liens, and the remainder to Sanborn, from which decree plaintiff appeals.

It was stipulated that the evidence taken in the case of *Mendenhall* v. *Elwert*, 36 Or. —— (59 Pac. 805)., so far as applicable, should constitute the evidence in the case at bar, and having reached the conclusion in that case that the deed of Mrs. Elwert was fraudulent, it follows that the decree is affirmed.

Affirmed.