Argued 31 December, 1900; decided 18 February, 1901.

## NOTTINGHAM *v.* McKENDRICK.

[57 Pac. 195; 63 Pac. 822.]

FILING TRANSCRIPT BEFORE PERFECTING APPEAL — PRACTICE.

1.   The proper practice where a transcript has been filed before the appeal has been perfected, is to move to strike the transcript from the files, rather than to ask for a dismissal:   *Chemin* v. *East Portland*, 19 Or. 512, applied.

APPEAL — WAIVER OF IRREGULARITY BY NOT OBJECTING.

2.   An objection to the filing of a transcript for an irregularity in practice must be made promptly, or it will be considered waived.

APPEAL — FILING PERFECTED UNDERTAKING.

3.   Where appellants have acted in good faith and with fair diligence in their efforts to complete and file a proper undertaking on appeal, they will be permitted to file a perfected undertaking out of time:   *Wheeler* v. *Matlock*, 29 Or. 64, applied.

RULES OF COURT — DELAYED ABSTRACT OF RECORD.

4.   Where appellant was but two days in default in filing his abstract, as required by Rule 4 (24 Or. 595, 35 Or. 591), when respondent moved to dismiss the appeal, and no injury resulted from the delay, the abstract may be filed within a time to be fixed by the court, especially where the delay was caused by a misunderstanding of the rule : *Fleischner* v. *Bank of McMinnville*, 36 Or. 553, applied.

SUFFICIENCY OF NOTICE OF MECHANIC'S LIEN.

5.   A notice of intention to claim a mechanic's lien which states that "N & Company have, by virtue of a contract with M, a contractor with T, lessee of the building hereinafter described, under a lease with D for the furnishing of material, furnished material to be and which was used in the erection of a" described building, sufficiently shows the name of the person to whom the material was furnished, as required by section 3673 of Hill's Ann. Laws, since it may be reasonably inferred from what is stated that the material was furnished to M, the contractor:   *Getty* v. *Ames*, 30 Or. 573, distinguished ; *Rowland* v. *Harmon*, 24 Or. 529, applied.

Evidence of Assignment of Lien.

6. An assignment of "our claim against M" for material furnished on a building, made after the filing of the lien and prior to the commencement of the suit, is sufficient to constitute an assignment of the lien as against the owner; both the assignor and assignee testifying that it was intended as an assignment of the lien, in order that it might be foreclosed in the same suit with the lien of the assignee.

Mechanic's Lien — Sufficiency of Complaint.

7. In foreclosing a mechanic's lien it is not necessary to state in the complaint that the notice of lien contained any statement not required by the statute, and, as the statute (Hill's Ann. Laws, § 3673), does not specify that the notice shall contain any statement about whether the material furnished was actually used, the complaint need not show that the notice contained such a statement: *Allen* v. *Elwert*, 29 Or. 428, followed.

Posting Notice in Conspicuous Place — Statutes.

8. Section 3672, Hill's Ann. Laws, providing that certain persons may relieve their property from a lien by posting a certain notice "in some conspicuous place" on such property is not complied with by posting the notice in a little side recess of a building on the land.

Use of Material to Support Lien.

9. In a suit to foreclose a mechanic's lien for work done at the request of a tenant of a room in a leased building, and with the knowledge of the lessee, it is immaterial that some of such work was done in a part of the tenant's room that he had allowed another person to occupy.

From Multnomah: Alfred F. Sears, Jr., Judge.

Decided 22 May, 1899.

On Motion to Dismiss Appeal.

*Fred L. Keenan* for the motion.

*Spencer & Motter* and *X. N. Steeves, contra.*

Per Curiam. The appellants filed their notice of appeal and undertaking on September 27, 1898, and the transcript on October 4, 1898,—the second day of the term. On the first day of October exceptions were taken to the sufficiency of the surety on the undertaking, and on the seventeenth he

appeared before the clerk of the court below for the purpose
of justifying; but that officer found he was unable to jus-
tify, and at once notified the appellants, who thereupon, on
the fourth day of November, filed a new undertaking, but
without notice to respondents.    On March 29, 1899, re-
spondents served a motion to dismiss the appeal on appel-
lants, and filed it the next day with the clerk of this court.
The motion assigns as reasons for the dismissal, among
others, that the transcript of the cause was filed before the
appeal was perfected, that no appeal has ever been perfected,
and that the appellants did not file an abstract of the record
within twenty days after the filing of the transcript, as re-
quired by rule 4 (37 Pac. vi.), or obtain an extension of time
therefor.    On April 17, 1899, when the motion was brought
on for hearing, the appellants served notice upon the re-
spondents that they would move the court for an order per-
mitting them to file a new undertaking.

1.    The transcript having been filed before the appeal
was perfected, the cause might have been stricken from the
October docket, but not dismissed:    *Chemin* v. *East Port-*
*land,* 19 Or. 512 (24 Pac. 1038).

2.    It has been permitted to remain upon the calendar,
however, although the transcript has not been refiled, and it
should now be considered as properly upon the March docket.

3.    It seems, by the efforts made to file and complete a
proper undertaking, that the appellants have, in good faith,
been fairly diligent in their purpose to perfect the appeal ac-
cording to law; and under the rule established by *Matlock* v.
*Wheeler,* 29 Or. 64 (40 Pac. 5, and 43 Pac. 867), and by
*Mendenhall* v. *Elwert,* 36 Or. 375 (52 Pac. 22), they should
be permitted to file the perfected undertaking now.

4.    The next question is touching the abstract.    Counsel
for appellants, claiming to have misunderstood the rule re-
lating thereto, announced at the argument of the motion his

willingness and purpose to file an abstract in compliance with any order the court might make respecting it.   While there seems to have been some dereliction in the matter, we are inclined to relieve the appellants from the default.   The rules of the court, as was said in *Neppach* v. *Jones,* 28 Or. 286, 289 (42 Pac. 519), "were designed and intended to facilitate the business and simplify the practice, and are not so arbitrary or inflexible as to work an injustice, or prevent a hearing in this court when the failure to comply therewith is owing to the excusable neglect of the party."   It should, however, be understood that they will be substantially enforced, and that parties appealing will be required to conform thereto in all material respects.   Considering that the cause came regularly on the March docket, appellants were only two days in default when the motion to dismiss was served upon them; and, the delay not resulting in any material injury to the respondents, the motion will be overruled: *Fleischner* v. *Bank of McMinnville,* 36 Or. 553 (54 Pac. 884).   The appellants may file the new undertaking now, and they will be required to serve and file a printed abstract of the record within five days from this date.

MOTION OVERRULED.

Decided 18 February, 1901.

ON THE MERITS.

This is a suit by C. W. Nottingham against J. McKendrick, Louis Trummer and others to foreclose two mechanics' liens.   In brief, the facts are that in August, 1897, the defendant Dammeier, who was the owner of a three-story brick building on lot 5, block 62, in the City of Portland, and of a leasehold interest in the ground, leased the corner room on the ground floor of such building to the defendant Trummer, who entetred into a contract with McKendrick to furnish material and perform the labor necessary in plas-

tering, painting, and inside finishing such room.   During the progress of the work, McKendrick purchased material of the plaintiff and Rasmussen & Company, to be used, and which was used, in the repairing and finishing of such room. Thereafter, and within the time provided by law, the plaintiff and Rasmussen & Company filed notices of mechanics' liens on the building and lot for the balance due each of them for the material so furnished.   On October 14, 1897, this suit was commenced to foreclose such liens, the plaintiff alleging that Rasmussen & Company had sold and assigned their lien to him.   Trummer and Dammeier answered, denying the allegations of the complaint, and for further and separate defenses alleging (1) that the defendant Dammeier, for herself and Severson, the owner of the fee, within three days after obtaining knowledge of the construction, alteration, and repairs mentioned in the complaint, gave notice, by a writing posted in a conspicuous place upon the land, as required by section 3672 of the statute, that she and Severson would not be responsible for the same or any part thereof; (2) that only a small portion of the material furnished by the plaintiff and Rasmussen & Company was furnished to be used, or was used, in the construction, erection, or repair of the building mentioned and described in the complaint; (3) that, prior to the date of the alleged assignment to the plaintiff, Rasmussen & Company's lien had, for a valuable consideration, been waived and released.   The allegations of the answer were put in issue by a reply, and upon the trial a decree was rendered in favor of the plaintiff, from which the defendants appeal.          AFFIRMED.

For appellants there was a brief and an oral argument by *Mr. Schuyler C. Spencer.*

For respondent there was a brief over the name of *Fred L. Keenan,* with an oral argument by *Mr. Robert F. Bell.*

MR. CHIEF JUSTICE BEAN, after stating the facts, delivered the opinion of the court.

5.   The first objection to the decree of the court below is that the notices of lien filed by the plaintiff and Rasmussen & Company are each fatally defective, because they do not state to whom the materials were furnished.   The statute provides (Hill's Ann. Laws, § 3673), that a material man, claiming the benefit of the act, shall file with the county clerk a claim, containing, among other things, "the name of the person   *   *   *   to whom he furnished the materials," and a claim or notice which does not so state, either directly or by necessary inference, is insufficient:   *Getty* v. *Ames,* 30 Or. 573 (48 Pac. 355).   The notices in question are substantially the same, that of the plaintiff, so far as material, being as follows:   "Know all men by these presents, that C. W. Nottingham, doing business as Nottingham & Company, have, by virtue of a contract heretofore made with J. McKendrick, a contractor, with L. Trummer, lessee of the building hereinafter described, under a lease with M. C. Dammeier, for the furnishing of building material, to wit, lime, etc., furnished said material, to be and which was, used in the construction and erection of a certain three-story brick building, constructed and being upon the following described land, to wit," etc.   This language is perhaps faulty, and open to some verbal criticism, but the meaning evidently is that the plaintiff, by virtue of a contract with McKendrick, furnished material to be and which was used in the construction of a certain building, and, while it is not directly asserted that the material was furnished to McKendrick, such is the only inference to be drawn from the language employed.   The lien notice is therefore sufficient:   *Rowland* v. *Harmon,* 24 Or. 529 (34 Pac. 357).

6.   It is next contended that the proof of the assignment by Rasmussen & Company of their lien to the plaintiff is in-

sufficient.   On the trial there was offered and admitted in evidence the following writing: "We hereby assign and deliver to Nottingham & Company our claim against James McKendrick, $16.09, for material furnished on the Dammeier building, corner Fifth and Morrison streets. [Signed] Rasmussen & Company, per J. P. Rasmussen." It is argued that this writing is not sufficient to constitute an assignment, and was not executed or delivered until after the commencement of this suit.   There is some uncertainty in the testimony as to when the writing was actually executed and delivered, but the cumulative result of the evidence is that it was made after the filing of the liens, and prior to the commencement of the suit. Both the plaintiff and Rasmussen testified that the writing was intended as an assignment, so as to vest in the plaintiff the title to the Rasmussen lien, in order that both might be foreclosed in one suit; and, inasmuch as plaintiff's title is not questioned by Rasmussen & Company, the defendants are not entitled to a reversal because of a mere technical defect in the testimony on this question.

7.   It is next insisted that the complaint is insufficient because it does not allege that the lien claims as filed contained a statement that the material furnished was actually used in the building.   There is no merit in this objection, because the statute does not require a lien notice to contain such a statement:  *Allen* v. *Elwert,* 29 Or. 428 (44 Pac. 823, 48 Pac. 54).   In the complaint the notices are pleaded according to their legal effect, and everything required by statute to be set forth in a claim of lien is alleged to be therein contained; hence the complaint is sufficient.

8.   It is further asserted that the liens cannot be enforced against the defendant Dammeier, for the reason that she gave notice, as provided in section 3672, that she would not be responsible for the repairs or alterations mentioned in the complaint.   Upon this point the court below found, in

substance, that at some period during the time the work was being performed on the building the defendant Dammeier posted a notice upon one of the partition walls to the effect that neither she nor the owner of the legal title would be responsible for any work or material furnished, but that such notice was not posted, nor intended to be posted, in a conspicuous place upon the building or land, nor was it posted within three days after the defendants obtained knowledge of the work and repairs being done by the defendant McKendrick under his contract with Trummer. This finding is abundantly supported by the testimony. Mr. Dammeier, the agent of the defendant Dammeier, testified that Trummer, the lessee, objected to a notice being posted in a public place, and, in deference to his wishes, it was put on a partition wall, several feet back from the street. Mr. Nottingham said that he was careful to observe whether a notice had been posted, but did not see any; that, after the material had been furnished, he had a conversation with Mr. Dammeier about the matter, and the latter told him that "he was going to post notices, and Mr. Trummer objected to his posting them up where they would be seen, and that he put the notices in a little recess, he said, showing me on the corner of the building, and posted the notices in there in the little recess, where it would not be seen."

9. It is next contended that a large part of the material furnished by the plaintiff and Rasmussen & Company was not used in the room rented by the defendant Trummer. Upon this point the evidence is to the effect that, after Trummer rented the room, he sublet a portion thereof for a cigar store; that McKendrick did a part of the work therein; and that probably some of the material furnished by the plaintiff and Rasmussen & Company was used in the latter place. But there is no evidence to show how much of it was so used, and the impression we get from an examination of the record is that it was small and inconsequential. In any event,

it was used in the room Trummer rented of the defendant Dammeier. It follows that the decree of the court below must be affirmed, and it is so ordered.        AFFIRMED.