Argued March 30, decided April 30, 1909.

## HARRINGTON *v.* SNYDER.

[101 Pac. 392.]

APPEAL AND ERROR—PRIOR APPEAL—SERVICE OF TRANSCRIPT—DELAY —SUBSEQUENT APPEAL.

Plaintiff's counsel caused a notice of appeal and undertaking to be served by his associate counsel on December 30, 1908, the papers being sent to the

clerk of the circuit court for filing. The papers were mislaid, and no memorandum of the filing was made in the register; and plaintiff's counsel, believing the appeal had not been perfected, served a new notice of appeal and undertaking, which was filed March 4, 1909, and within twenty-six days thereafter the transcript was filed in the Supreme Court. *Held* that, no sufficient inquiry having been shown to ascertain that the original papers had been filed by such associate counsel, plaintiff was not an innocent third party, relying on the absence of notice which the record alone afforded, and hence, the original appeal having been perfected and the transcript not having been filed within thirty days therefrom, as required by Section 549, subd. 4, B. & C. Comp., and there being no order enlarging the time for that purpose, the right to take a second appeal was lost.

From Jackson : HIERO K. HANNA, Judge.

Suit by John Harrington against Frances Margaret Snyder, as executor of the estate of Victor E. Snyder, deceased. There was a decree for defendant, and plaintiff appeals.

ON MOTION TO AFFIRM THE DECREE.

*Mr. W. E. Phipps* for the motion.

*Mr. Robert G. Smith, contra.*

Opinion by MR. CHIEF JUSTICE MOORE.

This is a motion to affirm a decree. It appears from the record sent up that this suit was dismissed November 30, 1908; that the notice of appeal and the undertaking therefor were served and filed March 4, 1909; and that 26 days thereafter the transcript was filed in this court. The defendant's counsel, in support of the motion, filed an affidavit wherein he states that a prior notice of appeal and an undertaking herein were served upon him about December 30, 1908, and soon thereafter duly filed, but that the transcript was not filed within 30 days from the expiration of the time limited to except to the sufficiency of the sureties on the undertaking, as required by law. Section 549, subd. 4, B. & C. Comp. Based on such assertion, it is contended that the appeal was perfected, but, having been abandoned by failing to secure a transcript within the time prescribed, the right to have the decree reviewed cannot be revived by attempting to take another appeal.

The plaintiff's counsel, opposing the motion, filed an affidavit to the effect that at the time stated in the affidavit supplemental to the motion he caused to be served a notice of appeal and an undertaking, which he delivered to an associate counsel, who sent such papers to the clerk of the circuit court to be filed; that within the time prescribed affiant went to the office of the clerk to order a transcript, and requested permission to examine the notice of appeal and the undertaking; that the clerk after diligent search notified affiant that such papers could not be found in the office; that they had not been filed therein, and that no memorandum of their delivery to him had been made in the register; that, based upon such information and lack of notice, affiant concluded that the papers had never been filed, and that the appeal had not been perfected; that about March —, 1909, the clerk informed affiant that he had found the papers, which were marked "Filed January 2, 1909," and that such information was the first notice affiant had that the papers had been left at the clerk's office. The latter affidavit is corroborated by that of the plaintiff, and also by the affidavit of Mollie Towne, the deputy clerk, which is to the effect that after diligent search in the clerk's office she informed plaintiff's counsel that the original notice of appeal and the undertaking had not been filed.

Some of the facts so asserted under oath by plaintiff's counsel are controverted by the affidavit of the clerk, who admits, however, that no entry was made of the filing of such papers in the register, which is a book wherein is required to be noted, according to the date thereof, the filing of any paper in a suit or action. Section 582, B. & C. Comp. The plaintiff did not attempt, in any of the affidavits filed in his behalf, to explain how the associate counsel "sent" the original notice of appeal and the undertaking to the clerk's office. If he had made careful inquiry, it would undoubtedly have been ascertained that these papers were taken there by such counsel

at the time they were filed. The plaintiff is not an innocent third party, who, relying upon the absence of the notice which the record alone afforded, was injured by some failure of the clerk to perform a duty required of him by law. The appeal was perfected January 7, 1907, and as the transcript was not filed in this court within 30 days therefrom, and as no order was made enlarging the time for that purpose, the right to take the second appeal was lost. *Nestucca Wagon Road Co.* v. *Landingham,* 24 Or. 439 (33 Pac. 983) ; *Hughes* v. *Clemens,* 28 Or. 440 (42 Pac. 617).

It follows that the appeal is dismissed, and the decree affirmed.                    DISMISSED : AFFIRMED.