Decided June 1, 1909.

## HANLEY *v.* STEWART

[102 Pac. 2.]

APPEAL AND ERROR—PERFECTING APPEAL—"OTHER ACT."

1. The "other act," referred to in Section 549, subd. 4, B. & C. Comp., providing that, where a party in good faith gives due notice of an appeal, and thereafter omits, through mistake, to do any other act necessary to perfect the appeal, the court may permit an amendment or performance of such act, is the filing of an undertaking on appeal, an omission to do which through mistake may be supplied on application therefor.

APPEAL AND ERROR — PERFECTING APPEAL — AUTHORITY OF TRIAL COURT.

2. When an appeal is perfected, the authority of the court to allow an alteration for the completion of some act relating to the filing of a proper undertaking necessarily ceases.

APPEAL AND ERROR—FILING OF TRANSCRIPT—EXTENSION OF TIME.
3. An appellant, discovering that it will be difficult to file a transcript within the thirty days limited therefor, may on application, as authorized by Section 553, subd. 2, B. & C. Comp., obtain an extension before default occurs.

APPEAL AND ERROR—FAILURE TO FILE TRANSCRIPT—EFFECT.
4. Since an order of the trial court, made after an appeal was perfected, setting aside the notice of appeal, etc., is a nullity, the failure to file a transcript within the time prescribed after perfecting the appeal operates as an abandonment of the appeal.

From Jackson: HIERO K. HANNA, Judge. ·

ON MOTION TO DISMISS.

*Clarence L. Reames* for the motion.

*William I. Vawter, contra.*

Opinion by MR. CHIEF JUSTICE MOORE.

1. This is a motion to dismiss an appeal. The facts are that a decree in this suit was given September 11, 1908, and 11 days thereafter a notice and an undertaking on appeal were served and filed. No exception was taken to the sufficiency of the sureties on the undertaking, and the appeal was perfected September 27, 1908 (Section 549, B. & C. Comp.), but no abstract or transcript on appeal was filed within 30 days therefrom, as required. Section 553, B. & C. Comp. The trial court, on motion of the appellant, December 16, 1909, dismissed the notice of appeal and all proceedings had in reference thereto. Another notice and an undertaking on appeal were thereafter served and filed, and the transcript was sent up to this court within 30 days from the filing of the second undertaking. The statute prescribes the time and manner of taking appeals, and contains a clause as follows:

"When a party in good faith gives due notice * * of an appeal from a judgment, order, or decree, and thereafter omits, through mistake, to do any other act (including the filing of an undertaking as provided in this section) necessary to perfect the appeal or stay proceedings, the court or judge thereof, or the appellate court, may permit an amendment or performance of such act on such terms as may be just." Section 549, subd. 4, B. & C. Comp.

The "other act" thus referred to, which is "necessary to perfect the appeal or to stay proceedings," is the filing of an undertaking on appeal, an omission to do which, through mistake, when the party has acted in good faith, has always been supplied, upon application therefor. *Matlock* v. *Wheeler,* 29 Or. 64 (40 Pac. 5: 43 Pac. 867) ; *Elwert* v. *Norton,* 34 Or. 567 (51 Pac. 1097: 59 Pac. 1118) ; *Mendenhall* v. *Elwert,* 36 Or. 375 (52 Pac. 22: 59 Pac. 805) ; *Nottingham* v. *McKendrick,* 38 Or. 495 (57 Pac. 195: 63 Pac. 822).

2. When an appeal is perfected, the authority of a court to allow an alteration or the completion of some act relating to the filing of a proper undertaking necessarily ceases.

3. Nor is it requisite that power to set aside a notice of appeal and an undertaking should exist; for, when the appellant discovers that it will be difficult to secure and file a transcript within the 30 days limited therefor, the time can be enlarged, if application for the extension is made before default occurs. Section 553, subd. 2, B. & C. Comp.

4. As the appeal herein was perfected when the trial court set aside the notice, etc., its order was a nullity; and, the transcript not having been filed in this court within the time prescribed, the appeal was abandoned. *Nestucca Wagon Road Co.* v. *Landingham,* 24 Or. 439 (33 Pac. 983) ; *Harrington* v. *Snyder,* 53 Or. 573 (101 Pac. 392).

It follows that the appeal must be dismissed, and it is so ordered.                    DISMISSED.