Argued March 19, affirmed June 12, 1928.

## L. MOKLER ET AL. *v.* D. F. DOUN ET AL.

(268 Pac. 55.)

**Appeal and Error—Trial Judge's Finding, in Mechanics' Liens Foreclosure Suit, That Claimants Gave Notices to Owner, Accepted, Though not Binding on Supreme Court (Or L., § 10191).**

1. Findings of trial judge, who heard evidence and observed witnesses' manner and demeanor in suit to foreclose mechanics' liens, that claimants gave notice to owner, as required by Section 10191, Or. L., and that liens were enforceable, accepted, though not binding on Supreme Court in equity suit.

**Mechanics' Liens—Evidence Held to Warrant Finding That Mechanics' Liens Notices were Given Owner by Mail (Or. L., § 10191).**

2. Mechanic's lien claimants' testimony as to mailing notices, required by Section 10191, Or. L., to owner, and evidence that mail addressed to him was delivered at his office, *held* to warrant finding that notices were given.

Mechanics' Liens, 40 C. J., p. 162, n. 6, p. 166, n. 67, p. 169, n. 43, p. 171, n. 83, p. 515, n. 26.

From Multnomah: DALTON BIGGS, Judge.

---

2. See 2 R. C. L. 203.

Department 2.

AFFIRMED.

For appellants D. F. Doun, Freda Doun and The Devereaux Mortgage Co., there was a brief over the name of *Messrs. Bowerman & Kavanaugh,* with oral arguments by *Mr. F. M. De Neffe* and *Mr. A. A. Hampson.*

For respondents L. Mokler, C. Messlish and H. Dickel there was a brief and oral argument by *Mr. Frederick S. Wilhelm.*

For respondent P. C. Eberwine there was a brief over the name of *Messrs. Lewis, Lewis & Finnegan.*

For respondent K. C. Murchison there was a brief over the name of *Mr. H. G. Strayer.*

RAND, C. J.—This appeal is from a decree foreclosing certain mechanics' liens. There is but one question raised upon the appeal and that is purely a question of fact. The defendants Doun are husband and wife and the owners of the property sought to be charged with the liens. K. R. Murcheson was the original contractor and had undertaken for an entire consideration to furnish all of the labor and material for the construction of a dwelling-house. The plaintiffs are a firm of plumbers and, at the special instance and request of the original contractor, furnished labor and material in the construction of the dwelling-house. K. C. Murcheson, a son of the original contractor, and P. C. Eberwine were made defendants in the suit and separately answered and filed cross-complaints, each setting up a separate

claim of lien for labor and material furnished by them at the request of the original contractor, praying for a foreclosure thereof. The Devereaux Mortgage Company is the holder of a mortgage upon the property against which the liens are claimed, but the lien of the mortgage is subsequent to the liens sought to be foreclosed.

The statute, Section 10191, Or. L., directs that every person furnishing material for use in the construction of a building upon the order of anyone other than the owner or the common law or general agent of the owner, as distinguished from the statutory agent, must, within five days after the first delivery of material, mail or deliver to the owner of the property on which the material is to be used a notice in writing, stating in substance and effect that such person has commenced to deliver material for use thereon, with the name of the contractor or agent or other person ordering the same, and that a lien may be claimed for all materials and supplies furnished for use thereon: *Boise-Payette Lum. Co.* v. *Dominican Sisters,* 102 Or. 314 (202 Pac. 554).

1, 2. There was a dispute in the testimony upon the question of whether the requisite notice had been given by the lien claimants that they were furnishing material to be used in the construction of the building, but the learned trial judge, who heard the testimony, after a review and consideration of all of the evidence, found that the notice had been given and that the liens were enforceable. While his conclusion of the facts is not binding upon this court, it being a suit in equity, the trial judge, having heard the evidence and having had an opportunity of observing the manner and demeanor of the witnesses, was in a better position to correctly determine the

fact than is this court and, in view of the trial judge's learning, experience and discrimination, we accept his findings and concur in his conclusion. The requirements of the statute are that the notice may be delivered or may be mailed to the owner of the property. The lien claimants all testified that the notices were mailed and the evidence shows that mail addressed to Mr. Doun, the owner, was delivered at his office and might have been received by one or more of his employees. Taking into consideration all of the evidence in the case, we are of the opinion that the decree should be affirmed.    Affirmed.

Bean, Belt and Brown, JJ., concur.