Argued October 3, affirmed October 16, 1928.

L. K. COLLINS *v*. E. W. HECKART ET AL.

(270 Pac. 907.)

For appellants there was a brief over the name of *Messrs. Weatherford & Wyatt,* with oral arguments by *Mr. Mark Weatherford* and *Mr. J. K. Weatherford, Jr.*

For respondent there was a brief over the names of *Mr. Arthur Clarke* and *Messrs. Lewis, Lewis & Finnigan,* with oral arguments by *Mr. Clarke* and *Mr. Arthur Lewis.*

BROWN, J.—This appeal involves two serious questions. The first relates to the reformation of the

contract, and the second to the substantial performance of the contract as reformed.

The complaint to reform is based upon the non-negligent, mutual mistake of the two original parties to the contract sought to be reformed; and the testimony of both parties substantiates the allegations of the complaint with relation to their intention and the commission of the error. Viewed in the light of the surrounding circumstances, their story is reasonable. Wright, the owner of the real property hereinbefore described, being desirous of building an apartment house thereon, had plans and specifications drawn by a Portland architect. The specifications submitted provided that the plumbing be installed in accordance with the Plumbing Code of the City of Portland. Wright asked Yundt, the original contractor for the plumbing and heating of the building, to submit figures on the cost of the installation of the plumbing and heating plant as specified by the architect. On receiving the figures of the contractor, the owner concluded that they were prohibitive; and it was then mutually agreed to reduce the cost of the installation of the plumbing by adopting the standard prescribed therefor by the Plumbing Code of the State of Oregon. Their testimony on this point is corroborated by that of one Robert H. Griffith, managing salesman for a wholesale plumbing house and the man who reduced the original contract between the plumber and the owner to writing. He testified emphatically that the parties orally agreed that the plumbing should be installed to meet the requirements of the Plumbing Code of this state; and he claimed that certain language which he used in drafting the contract was inserted therein for the purpose of showing that

agreement. Standing alone, this language is insufficient to overcome the language used in the specifications. But, from a consideration of all the testimony relating to the intention and the acts of the parties, we find much support for the allegations involving the mutual mistake of the original parties to the contract.

This contract was entered into on June 25, 1925. Prior to that date the Plumbing Code of the State of Oregon was placed upon the statute books. See Gen. Laws Or., 1925, Chap. 272, p. 486. See, also, 2 Or. L., Supp. 1927, Title XLIV, Chap. 20, p. 1639. Among other things, that title provides—

" * * For the registration of persons * * carrying on the business of installing plumbing and drainage in buildings fixing a registration fee, and a penalty for violation of this act * *; and providing a minimum standard for installation of plumbing and drainage in buildings * * in the state of Oregon, and empowering incorporated cities and towns in the state of Oregon to enact ordinances and building codes governing the manner of installation of plumbing * * within the corporate limits of such cities and towns of an equal or higher standard than by this act is provided."

Section 1 of the act declares that plumbing and drainage shall be installed in accordance with the Plumbing Code set out therein. Sections 2 and 3 provide for the registration of, and the issuance of certificates to, plumbers upon the payment of a specified fee therefor. Section 4 provides for the disposition of all such fees and the enforcement of the act by the commissioner of labor. Section 5 denies to any plumber the right to maintain a suit without alleging and proving his registration. Section 6 pro-

vides a penalty for the violation of the act. Section 7 sets out the Plumbing Code of the state. Section 8 provides for the enactment and enforcement by municipalities of ordinances for the regulation of the business of master plumbers therein, which ordinances shall prescribe the manner in which plumbing shall be installed in such municipalities, provided that such ordinances shall not prescribe a lower standard of installation than by this act prescribed. Section 9 relates to the application of the act.

As indicated by the title of the act, the Oregon Plumbing Code prescribes a minimum standard for installation of plumbing and drainage in buildings and structures in Oregon; and all persons have a right to contract for the installation of plumbing of a higher standard than provided therein.

The defendants contend that a reformation of the contract embraces the reformation of the lien notice, which is not allowed by law. They also assert that the plaintiff is not entitled to reformation, on the ground that she is a mere volunteer; and, further, that she is estopped by her assignor's representations to the effect that the plumbing contract was under the Portland Plumbing Code. They further assert that there is a variance between the contract mentioned in the lien and that pleaded in the complaint and established at the trial.

█ The reformation of the contract in the case at bar does not alter the lien notice. The contract is not a part of the notice. In some jurisdictions the statute requires that the contract be described in the notice. Our statute, however, makes no such requirement. It prescribes the necessary elements to be set out in a claim of lien; and this court has time and

again held that it is unnecessary to set out in the notice of lien any more than the statute itself requires. See Or. L., § 10195; *Osborn* v. *Logus,* 28 Or. 302 (37 Pac. 456, 38 Pac. 190, 42 Pac. 997); *Allen* v. *Elwert,* 29 Or. 428 (44 Pac. 823, 48 Pac. 54); *St. Johns Lbr. Co.* v. *Pritz,* 75 Or. 286 (146 Pac. 483); 40 C. J., p. 231.

■ ■ There is no force in the contention of defendants that this plaintiff is estopped for the reason that she is a mere volunteer. It has been held by this court that the assignee of a chose in action may maintain an action thereon in his own name although he may have paid no consideration therefor. Among the decisions, see *Gregoire* v. *Rourke,* 28 Or. 275 (42 Pac. 996); *Haviland* v. *Johnson,* 70 Or. 83 (139 Pac. 720). The law seems to be well settled that the equitable remedy of reformation will not only be allowed as against original parties and their heirs, but will also be granted as against the assignees, creditors, purchasers with notice, and all others standing in privy: *Coates* v. *Smith,* 81 Or. 556 (160 Pac. 517); 23 R. C. L., p. 339; 3 Elliott on Contracts, § 2381; 34 Cyc., p. 953. In the case at issue, the record shows that the assignment was made after the recordation of the lien.

■ Early in the judicial history of this state it was held that, although the right to perfect a mechanic's lien by filing notice under the act providing for such lien is a privilege to be exercised by the person performing the labor or furnishing material, when the lien is perfected it is assignable: *Brown* v. *Harper,* 4 Or. 89; *Nottingham* v. *McKendrick,* 38 Or. 495 (57 Pac. 195, 63 Pac. 822); *Loud* v. *Gold Ray Realty Co.,* 72 Or. 155 (142 Pac. 785). By the assignment to the

plaintiff as against the defendants, she acquired all rights to which the assignors were entitled: 5 C. J. 961.

Now, adverting to the alleged variance: The testimony shows that there was no substantial variance between the contract as performed and the contract as reformed. In other words, the evidence shows that there was a substantial performance of the contract by Yundt & McKenna.

Did defendant E. W. Heckart know, at the time he took over the building, that the plumbing was being installed in conformity with the Oregon Plumbing Code? It is asserted that he took over the building in the belief that the plumbing was to be installed in accordance with the Portland Plumbing Code. The preponderance of the evidence is to the contrary. The record discloses that E. W. Heckart and C. L. Heckart are contractors and builders of wide experience. As appears from the statement, the Heckarts had the contract for the construction of the building, and at the time of the transfer of the real property to E. W. Heckart by the Western Investment Corporation he had knowledge of the work that was being done on the building, and, by reason of his actual presence on the job, was familiar with the "roughing in of the plumbing," and the character thereof. Day by day he stood by and saw the plumbing work progress. Not only that, but the testimony of both Yundt and McKenna, and of their bookkeeper, is to the effect that, prior to taking over the property Heckart called upon them and attempted to have the contract price reduced as a part consideration for his taking over the building and assuming the indebtedness that had arisen out of its construction, and that

he was then and there informed that Yundt & McKenna would not reduce their contract price. Besides, according to their testimony, they at that time told Heckart that the plumbing was being installed in accordance with the Oregon Plumbing Code.

It does appear, however, that, according to the specifications, it was the duty of the plumbing contractors to keep the plumbing and heating system in repair for a period of one year after completion thereof. This they failed to do; and by reason of such failure the defendants were damaged in the amount of $200, which amount will be credited upon the judgment awarded to the plaintiff.

In all other things, the decree appealed from is affirmed.

Neither party will recover costs in this court.

AFFIRMED.

RAND, C. J., and BEAN and BELT, JJ., concur.