Argued May 15; reversed July 2; rehearing denied
September 10, 1946

# DRAKE LUMBER CO. v. LINDQUIST ET AL.
### (170 P. (2d) 712)

Walter L. Tooze, Judge.

C. W. Pecore, of Portland, for appellant.

Eugene K. Oppenheimer, of Portland (Wilbur, Beckett, Oppenheimer, Mautz and Souther, of Portland, on brief), for respondents Charles L. Doll and Janet A. Doll.

Irving Rand, of Portland (with Lowell C. Paget, of Portland, on brief), for respondent Paget Mortgage Company, a corporation.

Before Belt, Chief Justice, and Rossman, Bailey, Brand and Hay, Justices.

BAILEY, J. This suit was instituted by Drake Lumber Company, a corporation, against Hugh Lind-

quist and Zoe Lindquist, husband and wife; Charles L. Doll and Janet A. Doll, husband and wife; Paget Mortgage Company, a corporation, and others, to foreclose a materialman's lien. The only defendants to appear in the proceeding were Charles L. Doll and Janet A. Doll, his wife, and the Paget Mortgage Company, hereinafter referred to as the defendants. From a decree awarding plaintiff judgment against defendant Hugh Lindquist in the sum of $1,469.92, with interest, and dismissing the suit so as to all the other defendants, plaintiff has appealed, except from "the portion of said decree dismissing plaintiff's second cause of suit". The second cause of suit was settled, and we are concerned only with the first cause.

Appellant, hereinafter referred to as plaintiff, asserts that the circuit court erred in granting the defendants' motions to strike certain portions of its amended complaint, in sustaining defendants' demurrers to the amended complaint, and in dismissing the suit.

The amended complaint, after setting forth the corporate existence of the plaintiff and the defendant corporations and the marital status of the individual defendants, alleges that during all the times therein mentioned there was in the course of construction a dwelling house upon certain described real property in the city of Portland, Oregon.

We now quote paragraphs IV, V and VI of the amended complaint. That portion of paragraph IV in italics, all of paragraph V, beginning with the words "and said construction was commenced and carried on with her full knowledge," and all of paragraph VI, were stricken out by order of the circuit court, on motions of the defendants.

"IV. That the plaintiff, hereinafter sometimes referred to as 'Claimant', furnished to the defendant Hugh Lindquist, at his special instance and request, and delivered to said premises, certain lumber and supplies to be used and which were used in the construction of said building; that at the time said lumber and supplies were sold to said Hugh Lindquist, *he was acting on his own behalf and as common law agent of Zoe Lindquist, his wife, with full authority to bind her interest in said property for the purchase price of said lumber and supplies.*

"V. That at the time claimant commenced to furnish said materials, the defendant Zoe Lindquist was the reputed owner of said property, and said construction was commenced and carried on with her full knowledge, approval and consent; that for a long time prior to November 24th, 1942, said Hugh Lindquist and Zoe Lindquist, his wife, were the owners of the land, as tenants by the entireties, upon which said building was constructed; that by deed recorded on the 24th day of November, 1942, in Book 720, at Page 456, of the Deed Records of Multnomah County, Oregon, said Hugh Lindquist, attempted to convey of record to his wife, Zoe Lindquist, his entire interest in said real property; that in truth and in fact it was secretly agreed between said Hugh Lindquist and said Zoe Lindquist at the time said deed was executed and recorded, that she, the said Zoe Lindquist, should hold the title to said property in trust for herself and the said Hugh Lindquist, her husband, to the same extent as though said deed had never been executed; that said deed was thereafter, and by decree entered in this Honorable Court on the 20th day of October, 1943, in a cause entitled Martin T. Morlan, d. b. a. Morlan Plumbing Co., plaintiff, vs. Hugh Lindquist and Zoe Lindquist, defendants, (Clerk's No. 151-904), cancelled, set aside, and held for naught, as having been made, executed and delivered to defraud the creditors of said Hugh Lind-

quist and Zoe Lindquist; that in truth and in fact, said Hugh Lindquist and Zoe Lindquist, husband and wife, were the actual owners of said property at the time plaintiff commenced to deliver said materials.

"VI. That plaintiff is informed and believes, and therefore alleges on information and belief, that on and prior to the 20th day of October, 1943, the said Hugh Lindquist and Zoe Lindquist, his wife, entered into an agreement wherein they agreed to sell said land and premises to the defendants Charles L. Doll and Janet L. Doll, husband and wife; that one of the considerations of said agreement of sale was that the said Hugh Lindquist and Zoe Lindquist, his wife, should convey marketable fee simple title to said Charles L. Doll and Janet A. Doll, his wife, and should furnish them with a title insurance policy insuring the said purchasers as fee simple owners of said property, free and clear of all liens and incumbrances suffered or created upon or against said property by the said Hugh Lindquist and Zoe Lindquist, his wife, or either of them; that a deed purporting to convey said property to said Charles L. Doll and Janet A. Doll, his wife, was recorded in the office of the County Clerk of Multnomah County, Oregon, on the 20th day of October, 1943, in Book 787, at Page 72, of the Deed Records of Multnomah County, Oregon, but that at the time said deed was so recorded, numerous judgments were of record against said Hugh Lindquist and/or Zoe Lindquist, which were liens upon said real property, and that they have not, and neither of them has, since caused said judgment liens to be paid, satisfied or discharged of record, and that the sale of said property to said Charles L. Doll and his wife has for that reason never been consummated and completed, and that while the said Charles L. Doll and Janet A. Doll, his wife, have been at all times since October 20th, 1943, the record owners of said real property, the said Hugh Lindquist and Zoe Lindquist, his wife, as

plaintiff is informed and believes and therefore alleges on information and belief, have had at all times herein mentioned, and now have, an interest in said property as owners, the exact extent whereof is unknown to plaintiff, by virtue of the fact that said sale has never been completed."

It is then alleged that materials were furnished between December 23, 1942, and July 8, 1943; that the contract and reasonable price for such materials was the sum of $1,469.92, "against which there are no offsets or credits, and there is now due and owing to plaintiff from the defendant Hugh Lindquist, the sum of $1,469.92, plus interest thereon at the rate of six per cent per annum from the 29th day of November, 1943, * * *"; that the construction of the building was commenced some time prior to December 23, 1942, "and was not substantially completed on November 15th, 1943." It is next alleged as follows: (The words in italics were stricken).

"X. That on the 29th day of November, 1943, which was within thirty days of the completion of said building, plaintiff filed for recording with the County Clerk of Multnomah County, Oregon, *its claim of lien against the said land and buildings; that said claim of lien contained a true statement of claimant's demand after deducting all just credits and offsets,* the name of the person to whom said materials were furnished, a description of the land to be charged with the lien sufficient for identification, the name of the owner or reputed owner of the land and building at the time claimant commenced to furnish said materials, and also the name of the owner or reputed owner of said land and building at the time said lien was filed, *and a statement of the intention of claimant to claim a lien* upon said land and building; that said claim of lien was *duly* verified by C. V. Drake, *the President of claimant corporation,* who is a person having

knowledge of the facts set out therein, was entitled to be recorded, and was recorded in Book 35, at Page 435, of the Record of Mechanics' Liens for Multnomah County, Oregon, on the 29th day of November, 1943; that a substantial copy of said notice and claim of lien is attached hereto, marked 'Exhibit A', and by reference made a part of this complaint, * * *.''

The notice of claim of materialman's lien, insofar as pertinent here, reads as follows:

"KNOW ALL MEN BY THESE PRESENTS, That the undersigned, hereinafter designated the 'claimant', did * * * furnish to, and at the special instance and request of Hugh Lindquist, hereinafter designated the 'builder', materials to be and which were used in the construction * * * of that certain building * * * known as Frame Dwelling House, [Here follows the description of the real property].

"That at the time claimant commenced to furnish said materials ZOE LINDQUIST was the owner or reputed owner of said land and the building * * * thereon, and had knowledge of, and consented to, the construction, * * * of said building * * *, and ZOE LINDQUIST is now the owner or reputed owner of the above described land and the building * * * thereon and had knowledge of, and consented to, the construction * * * of said building * * *.

"That the said builder had charge of said construction * * *.

"That the contract price and reasonable value of said materials furnished by the claimant as aforesaid was and is the sum of Fourteen Hundred Sixty-nine & 92/100 Dollars lawful money * * * and there is now due claimant for said materials, after deducting all just credits and offsets, the sum of Fourteen Hundred Sixty-nine & 92/100 Dollars.

"That the following is a true statement of claimant's demand with all just credits and offsets deducted:

Builder Hugh Lindquist

In Account with Claimant:

Dr.

To Materials furnished for use in the construction of the aforesaid building ........................ $1,469.92

To cost of preparing this Lien Notice ............................................. 5.00
                                                                          _____
                                                                           $1,474.92

Balance Due Claimant: $1,474.92.

"That this claimant claims a lien for the amount of the above claim upon the building * * * hereinbefore described and upon the land upon which said building * * * is located, * * *.

"Dated this 29th day of November, 1943.

C. V. Drake
_____
President Drake Lumber Co.     Claimant

"State of Oregon      }
                      }  ss.
County of Multnomah   }

I, C. V. Drake, the claimant named in and who signed the foregoing claim and notice of intention to hold a lien, being first duly sworn, say that I know the contents of said notice of lien and have knowledge of the facts therein set forth, and that the same is in all respects true and correct and contains a true statement of claimant's demands and the amount due claimant after deducting all just credits and offsets.

C. V. Drake"

Here follows the jurat. On the back of the document, near the top, is the following:

"Notice of
MECHANICS' LIEN

Materialmen
Drake Lumber Co.
vs.
Zoe Lindquist."

And at the bottom, is the following:

"Drake Lumber Co.,
3920 N. E. Halsey,
Portland 13, Ore."

In the prayer of the amended complaint, plaintiff asked for judgment against Hugh Lindquist and Zoe Lindquist for $1,469.92 and interest, attorney's fees, and costs, and for a decree foreclosing its lien.

Defendant, Paget Mortgage Company, in its brief suggests that the appeal should be dismissed for the reason that this court has never acquired jurisdiction of the cause. The grounds assigned for such dismissal are as follows: (1) That the plaintiff's notice of appeal was not addressed to any of the defendants or to their attorneys; (2) that all the named defendants were not served with notice of appeal.

The notice was not addressed to anyone. Service was accepted by the attorney for defendants, Charles L. Doll and Janet A. Doll, his wife, and also by one of the attorneys for the Paget Mortgage Company.

The same question arose in *Estate of Dixon*, 116 Or. 411, 241 P. 33. Chief Justice McBRIDE, in writing the opinion for the court, after quoting from § 550, Oregon Laws, now § 10-803, O. C. L. A., relating to

service of notice of appeal, pointed out that there was nothing in that section "requiring that the notice shall be addressed to anybody, but simply that it shall be served upon the adverse party or his attorney". It was there held that it was not necessary, although usual, to address the notice to the adverse party or his attorney. In our opinion the reasoning in that case is sound and is a correct interpretation of the statute. Anything said in *Silbaugh v. Guardian Building & Loan Association*, 164 Or. 286, 97 P. (2d) 943, 99 P. (2d) 1017, 101 P. (2d) 420, to the contrary is hereby overruled.

Section 10-803, O. C. L. A., requires that the notice "be served on such adverse party or parties as have appeared in the action or suit, or upon his or their attorney". The only adverse parties appearing in this proceeding were the Dolls and the Paget Mortgage Company, and, therefore, they were the only ones upon whom notice of appeal was required to be served. *Heider v. Unicume*, 142 Or. 410, 14 P. (2d) 456, 20 P. (2d) 384; *Anderson v. Morse*, 110 Or. 39, 222 P. 1083. There is no merit in the suggestion that the appeal be dismissed.

█ The primary purpose of the mechanics' and materialmen's lien law, §§ 67-101 to 67-113, inc., O. C. L. A., is to secure and protect laborers and materialmen for the labor performed and material furnished in the construction of buildings. It is remedial in nature, and should be liberally construed so as to afford to such persons the greatest protection compatible with justice and equity. *Ainslie & Co. v. Kohn*, 16 Or. 363, 19 P. 97; *Osborn v. Logus*, 28 Or. 302, 37 P. 456, 38 P. 190, 42 P. 997; *Sarchet v. Legg*, 60 Or. 213, 118 P. 203; *Pacific Spruce Corporation v. Oregon Portland*

*Cement Co.,* 133 Or. 223, 286 P. 520, 289 P. 489, 72 A.L.R. 1507. Anyone claiming a lien by virtue of the statute must show substantial compliance with its requirements and bring himself within its provisions. *Pearcy v. Columbia Growers & Packing Corporation,* 173 Or. 1, 143 P. (2d) 913, 149 A. L. R. 1378.

The amended complaint alleges that the plaintiff, Drake Lumber Company, a corporation, furnished to the defendant, Hugh Lindquist, at his special instance and request, and delivered to the premises, certain lumber and supplies to be used and which were used in the construction of the building on the premises. In paragraph X of that pleading, which is hereinbefore quoted, it is alleged that the plaintiff filed with the county clerk of Multnomah county, "its claim of lien against the said land and buildings; that said claim of lien contained a true statement of claimant's demand after deducting all just credits and offsets." The foregoing quoted excerpt was stricken out on motion of one of the defendants on the ground that it was inconsistent with statements contained in the notice of lien, a copy of which was attached to the amended complaint as an exhibit.

It is the contention of the defendants that the notice of lien affirmatively states that the material was furnished by C. V. Drake and not by the Drake Lumber Company; that the words "President Drake Lumber Co.", following the name of C. V. Drake should be regarded as descriptive merely and not as importing character and capacity.

The lien notice is on a printed form. Nowhere in the body of the document does the name of the lien claimant appear. It is signed "C. V. Drake President Drake Lumber Co." Claimant, the word "Claimant"

being printed. On the back of the notice is typewritten, "Drake Lumber Co. vs. Zoe Lindquist". The affidavit begins as follows: "I, C. V. Drake, the claimant named in and who signed the foregoing claim and notice * * *."

■ There is sufficient on the lien notice to show, or at least sufficient to leave the question one of doubt to be solved by parol proof, that the corporation, and not Drake as an individual, is claiming a lien. *Metcalf v. Williams*, 104 U. S. 93, 26 L. Ed. 665; *Southern Pac. Co. v. Von Schmidt Dredge Co.*, 118 Cal. 368, 50 P. 650; *Ellis v. Stone*, 21 New Mexico 730, 158 P. 480, L. R. A. 1916F, 1228; *Second Nat. Bank v. Midland Steel Co.*, 155 Ind. 581, 58 N. E. 833, 52 L. R. A. 307; *Edwards v. Gildemeister*, 61 Kan. 141, 59 P. 259; *Fitzgerald Cotton Oil Co. v. Farmers' Supply Co.*, 3 Ga. App. 212, 59 S. E. 713.

In *Ellis v. Stone*, supra, the court quoted with approval from 4 Elliott on Contracts, § 2837, as follows:

"* * * But a simple contract may be ambiguous as to the real parties. When it is so, the court will solve the ambiguity, if possible, from the instrument itself, taking into consideration not only the words and figures in the body thereof, and the signatures and additions thereto, but any printed or written headings, memoranda in the margin, or other indicia which may serve to throw light upon the question of intention."

See also in this connection the cases hereinbefore last cited.

In Restatement of the Law of Agency, § 156, under the heading, "Instrument in Which Fact of Agency or Name of Principal Appears", is the following:

"In the absence of a manifestation to the contrary therein, an unsealed written instrument is

interpreted as the instrument of the principal and not of the agent if, in the signature or description of the parties, the name of the principal and agent both appear, the agent indicating his agency. The addition of the word 'agent' to the signature or description of the signer does not of itself prevent the inference that such person is a party to the contract.

"Comment:

a. * * * Any signature or description from which it appears that the parties intend that the principal and not the agent shall be a party is efficacious in creating an inference that the principal is a party. In the absence of a contrary manifestation in the document, the following signatures and descriptions, among others, create an inference that the principal and not the agent is a party: * * * the agent's name followed by the principal's name, the two names being separated by a phrase such as 'agent of,' 'agent for,' 'on behalf of,' 'for,' or 'as agent of.' * * *
* * * * *

c. The word 'president' or 'cashier' in a description of the parties or in a signature of an instrument has substantially the same effect as the word 'agent' in determining who are parties thereto; also of the same significance are other similar words describing the holding of an office in a corporation or other group by one who, in performing the duties of his office, ordinarily acts as an agent. * * *"

The notice of claim of lien must be verified by the claimant himself or by "some other person having knowledge of the facts." § 67-105, O. C. L. A. It is stated in the verification that the affiant, in addition to being the claimant, had knowledge of the facts therein recited. Reference in the affidavit to Drake as the claimant is not controlling. *Paget v. Peters*, 133 Or. 608, 620, 286 P. 983, 289 P. 1119; *Consumers*

*Lumber Co. v. Hayutin,* 75 Colo. 483, 226 P. 860; *Henry & Coatsworth v. Fisherdick,* 37 Neb. 207, 55 N. W. 643.

Looking to the entire instrument, we can not say that Drake was acting for the corporation or for himself but must say that the instrument is ambiguous in that respect; hence, parol evidence is admissible to explain this ambiguity. Restatement of the Law of Agency, § 157 and Comment; *Metcalf v. Williams,* supra; *Ellis v. Stone,* supra; *Southern Pac. Co. v. Von Schmidt Dredge Co.,* supra.

■ The allegations of the amended complaint, as filed, are sufficient to admit evidence on the question whether the claim of lien filed was that of the corporation or of Drake. Portions of paragraph X were stricken by the court which relate and are material to the determination of this question, and should not have been stricken.

Section 67-101, O. C. L. A., provides, among other things, that "every person, firm or corporation furnishing material or supplies of any kind to be used in the construction * * * of any building * * * shall, not later than seven days after the date of the first delivery to any contractor or agent of such material or supplies for which a lien may be claimed," notify in writing the owner or reputed owner of the delivery of such material or supplies, and that no materialman's lien shall be enforced unless there is compliance with this requirement. No such notice was sent by the plaintiff to Zoe Lindquist, who is named in the lien claim as the owner or reputed owner of the property against which the lien is sought to be enforced.

■ When material is furnished to the owner, or the common law or general agent of the owner, as dis-

tinguished from the statutory agent, the giving of the notice referred to in § 67-101, *supra,* is not required. *Mokler v. Doun,* 125 Or. 595, 268 P. 55; *Randolph v. Christensen,* 124 Or. 661, 265 P. 797; *Nicolai-Neppach Co. v. Poore,* 120 Or. 163, 251 P. 268; *Boise-Payette Lbr. Co. v. Dominican Sisters,* 102 Or. 314, 202 P. 554; *Pacific Spruce Corporation v. Oregon Portland Cement Co.,* supra (133 Or. 223). Whether Hugh Lindquist, the person to whom the material was furnished, according to the statements in the notice and the allegations of the complaint, was an agent under the statute or had authority to bind Zoe Lindquist, his wife, who is designated in the notice as the owner or reputed owner of the property, is a matter of pleading and proof. *Osborn v. Logus,* supra (28 Or. 302, 320); *Boise-Payette Lbr. Co. v. Dominican Sisters,* supra; *James A. C. Tait & Co. v. Stryker,* 117 Or. 338, 243 P. 104; *Lorenz Co. v. Gray,* 136 Or. 605, 298 P. 222, 300 P. 949.

■ Our statute (§ 67-105, O.C.L.A.), unlike the statutes of many states, does not require that the contractual relations existing between the lien claimant and the owner shall be stated in the notice of lien. *Osborn v. Logus,* supra; *Collins v. Heckart,* 127 Or. 34, 270 P. 907, and cases therein cited. All our statute requires is that the claimant file "a claim containing a true statement of his demand, after deducting all just credits and offsets, with the name of the owner, or reputed owner, if known, and also the name of the person by whom he was employed or to whom he furnished the materials, and also a description of the property to be charged with said lien, sufficient for identification, * * *."

■ The claim of lien filed complies with the foregoing requirements of the statute. It contains a

true statement of the claimant's demand, the name of the owner or reputed owner, the name of the person to whom the materials were furnished, and also a description of the property to be charged with the lien. By filing such a lien notice the claimant is not precluded, however, from showing that the person to whom the materials were furnished was the common-law agent of the one named in the lien notice as the owner or reputed owner of the property, nor is he precluded from showing that someone, other than the reputed owner, owns, or has an interest in, the property. It was therefore permissible for the plaintiff to allege, as it did in its amended complaint, that Hugh Lindquist, in purchasing the materials, was acting on his own behalf and as common-law agent for his wife, and that during the time the materials were being furnished, Zoe Lindquist held the legal title to the property in her own name ''in trust for herself and the said Hugh Lindquist'' as tenants by the entirety. Such allegations were erroneously stricken out by the court.

It is alleged in the amended complaint that the plaintiff furnished the material direct to Hugh Lindquist and Zoe Lindquist, his wife, and that at the time it was furnished they were the owners of the property. Defendants argue that under these allegations the plaintiff was an original contractor and was required to file its notice of lien within sixty days after the completion of the furnishing of such material, and that since the lien notice shows on its face that it was not filed within that period, no lien was obtained.

An original contractor within the meaning of the mechanics' lien law is one who furnishes labor or material and labor on a contract direct with the owner.

One who furnishes merely material to be used in the construction of a building, whether furnished direct to the owner or to someone else, is a materialman and not an original contractor. *Heacock Sash & Door Co. v. Weatherford,* 135 Or. 153, 294 P. 344; *Bennett v. Bruchou,* 163 Or. 175, 96 P. (2d) 762; *Barr v. Lynch,* 163 Or. 607, 97 P. (2d) 185. The lien notice shows that it was filed within thirty days after the completion of the building and was therefore filed in time.

█ In our opinion the court erred in striking paragraph VI and the portions of the amended complaint which we have hereinbefore held material to plaintiff's cause of suit, and in sustaining defendants' demurrers to the amended complaint. By declining to plead further, after the motions to strike were allowed, plaintiff did not waive the right to question on appeal the rulings thereon by the circuit court.

There is no contention on the part of the plaintiff that the court erred in entering judgment against defendant, Hugh Lindquist, or that judgment should have been entered against his wife, Zoe Lindquist.

The decree appealed from is reversed as to Charles L. Doll and Janet A. Doll, his wife, and Paget Mortgage Company, a corporation, and the cause remanded to the circuit court for further proceedings not inconsistent with this opinion.